## Nelson T. Saunders, Appt., *v.* Oliver L. Mather.

To justify the opening of a judgment entered on warrant of attorney or by confession, it should appear that the judgment was originally confessed for more than, in equity and good conscience, was then owing by the defendant therein.

Where a party made application to open a judgment and a rule to show cause was granted and execution stayed, and after the lapse of more than a year withdrew his application without attempt to substantiate it, it is not the duty of the court to entertain a second application by him for the same causes alleged in the first.

An inquiry as to how much should be credited on the judgment can be disposed of without opening the judgment.

(Decided October 4, 1886.)

Appeal from a decree of the Common Pleas of McKean County refusing to grant a rule to open a judgment. Affirmed.

O. L. Mather, being the owner in fee of 10 acres of land in Otto township, McKean County, Pa., on the 1st day of Janu-

NOTE.—For the effect of the discharge of a rule to open a judgment upon further proceedings, see Wilson v. Buchanan, 170 Pa. 14, 32 Atl. 620; Schenck's Appeal, 94 Pa. 37; Silberman v. Shuklansky, 172 Pa. 77, 33 Atl. 272; Himes v. Kiehl, 154 Pa. 190, 25 Atl. 632.

ary, 1881, sold the same to N. T. Saunders by a contract in writing of that date, for the consideration of $3,200; $1,066 was paid down, leaving a balance of purchase money, for which judgment was entered June 14, 1882, in McKean county common pleas, in favor of Mather, against Saunders, for $1,979.97, by virtue of a power of attorney contained in said contract.

In March, 1882, prior to the entry of said judgment, Saunders delivered to Mather a note executed by Mary Brown for the sum of $1,905.13, as collateral security for the payment of the purchase money remaining unpaid on the contract. March 7, 1881, Saunders leased said land for oil purposes, to Richardson, reserving a royalty, and subsequently the title of the leasehold became vested in C. B. Whitehead, Saunders conveying his equitable interest to Whitehead, October 19, 1882. Whitehead thereby became the owner of the entire equitable estate of Saunders with the improvements of Richardson and others, subject to the payment of the balance of purchase money due on the contract of January, 1881, upon which judgment had been confessed.

Mather placed the note against Mary Brown in the hands of Saunders for collection. Saunders collected the money on the note in New York state. Having refused to pay the money to Mather on demand, the latter brought an action of trover and conversion against Saunders in the supreme court of New York for the value of the note and obtained judgment October 16, 1883, for $2,055.29 damages and $105.32 costs.

The facts of the case are further stated in the following opinion by OLMSTEAD, P. J., on the hearing of the application for a rule to show cause why the judgment taken by confession against Saunders on his contract should not be opened:

"The defendant in this case on the 26th of September, 1883, made application to this court to open this judgment. A rule to show cause why the judgment should not be opened was granted by the court, returnable at the argument court, at the October term, at the November term, and December argument term. The rule was continued, the defendant having taken no testimony to sustain the allegation contained in the affidavit upon which he obtained his rule, and when the case was reached at the argument court for July, 1884, he withdrew his application. The affidavit upon which he obtained the rule, so far as the allega-

tions of failure of consideration and fraud in the sale of the land were concerned, was precisely like the one now presented for our consideration. So far as this branch of the case is concerned, we think the defendant has had his day in court. By the application the writ then in the hands of the sheriff lost its power. Can he now, after nearly two years and when another execution has been issued, put the same matter to the court as ground for a stay of proceedings with perhaps the same result? We think if he had had confidence in this branch of his case, he would then have followed it by making the proofs to sustain it. We think by the rules of all reasonable and fair justice he ought to be estopped from making the same application, for the same reason, to the equitable powers of the court. But in the affidavit now presented he sets forth as additional matter in a very general, yet at the same time very positive, way that he paid the plaintiff by the sale of certain real estate in Minnesota, $1,500, which he alleges should apply as payment upon the contract for the purchase money of the land he bought of plaintiff January 1, 1881, for which the judgment obligation was given. He does not state in his affidavit the date of the Minnesota agreement, or whether it was in writing or not. Considering the great amount of litigation that has grown out of this transaction, and the delays that have occurred, we thought it not improper to permit the plaintiff to give his version of the alleged transaction in Minnesota, and he gave in evidence (the signatures being admitted) the agreement dated February 27, 1885, by which it already appears that the land referred to was not transferred to the plaintiff as payment upon the debt, but was a mere security for the payment of it or the New York judgment growing out of this transaction. From an examination of this agreement it is too plain for argument that it can in no way be considered as payment, and is therefore not entitled to consideration on this question. We cannot avoid calling attention to the position of the defendant, growing out of his conduct in reference to the Mary Brown note. It appeared before us conclusively, from the evidence submitted in the application of C. B. Whitehead to open this judgment, and in the equity case of Whitehead v. Mather, growing out of this transaction, that defendant placed the note above referred to in the hands of plaintiff as collateral security for the payment of the judgment in this case. He afterwards induced plaintiff to allow him possession of the note for the purpose of raising the

money on it to pay this debt. He collected the money, put it in his pocket, and left the state of New York for Minnesota, where he yet remains. This money he yet has in his hands as he distinctly states in his affidavit in this case. The date of his placing this note of $1,900 in the hands of Mather as collateral was after he knew, if he ever knew, that the consideration of the promise to pay had failed by reason of the alleged misrepresentations in regard to the production of the territory. On any view we can take of this case, we think we should not open this judgment, and we decline to further delay the plaintiff by granting a rule to show cause why the judgment should not be passed upon the affidavit we have before us."

Upon the court's refusing to open the judgment on petition of Saunders, C. B. Whitehead made affidavit of the same and other facts, and asked the court to grant a rule on plaintiff to show cause why the judgment should not be opened and the defendant let in to defend, etc. Upon the hearing of such motion, October 9, 1885, the court, OLMSTEAD, P. J., delivered the following opinion:

"Upon consideration of all the facts set forth in the petition, the court are of the opinion that the petition does not show sufficient privity between himself and the plaintiff, O. L. Mather, to admit of interference in the judgment entered against N. T. Saunders. Nearly all of the facts set forth in the petition would be matters to a defense that might be raised by the defendant, Saunders, to the enforcement of the judgment, and not by the petitioner, Whitehead. One question, however, is before the court in this petition, of considerable gravity, and we recognize the importance of the position as raised by the petition, *viz.*: that at or about the time of the purchase or leasing of this property by Whitehead from Saunders, he and Mather had a conversation in which it was agreed that this judgment was paid. That seems to be very strong ground for now interfering with the enforcement of the judgment where the rights of the petitioner, Whitehead, would be jeopardized. But it appeared from the record that heretofore this same petitioner filed his objection and obtained a rule in this same court, which rule was heard upon testimony and the rule discharged. It seems that the papers in that case are now mislaid and cannot be produced. It is,

however, to be presumed that the same fact referred to before, **as** to the admission of Mather, would then naturally have been raised in the petition filed in the former instance, and that has already by this court been adjudicated; and, therefore, having been adjudicated, it would not be proper for the court to again grant a rule which would have for its object a review of the matter already considered and decided upon.

"And, further, it appears that the same petitioner also filed in this court his bill in equity, asking for substantially the same relief that this bill now asks for, and setting forth that particular matter which we have referred to as grounds for estopping the plaintiff from enforcing this judgment, namely, his admission of its payment, and that that bill is now pending in this court, as yet undecided. Under that bill an injunction was asked for to restrain the sale of this property. A preliminary injunction was asked for and granted, and the same had been taken to the supreme court and there dissolved, leaving the whole matter as to the rights of this petitioner to be determined on the final disposition of that case; and, further, that prior to this application on this day, another application had been made containing the facts, or substantially the facts, contained in this petition, and that has been acted upon by the court and the rule refused. Therefore, under all the circumstances and for the reasons now given, this rule is refused, and at the request of the counsel for the petitioner, who objects to the ruling of the court in this instance, a bill of exceptions is sealed."

Defendant appealed from the decision of the court, assigning as error: 1, The action of the court in refusing to grant the defendant, N. T. Saunders, a rule on the plaintiff below, O. L. Mather, to show cause why the judgment should not be opened and the defendant let into a defense; 2, in not opening the judgment and letting the defendant into a defense; 3, in not staying execution perpetually against the land described in the contract upon which the judgment was entered; 4, in not granting a rule on the plaintiff below, on the application of C. B. Whitehead, to show cause why the judgment should not be opened and the defendant let into a defense; 5, in not opening the judgment on the application of C. B. Whitehead, and letting the defendant into a defense; 6, in not staying the execution perpetually against the land described in the contract upon which the judgment was entered, on the application of C. B. Whitehead.

*Elliott & Watrous* and *S. F. Wilson* for appellant.

*T. A. Morrison* and *John N. Apple* for appellee.

OPINION BY MR. JUSTICE STERRETT:

For reasons given by the learned president of the common pleas, the applications to open the judgment in question and execution were rightly refused. It appears that on application of defendant, in 1883, a rule to show cause why the judgment should not be opened and defendant let into a defense was granted and execution stayed in the meantime. This application was grounded on failure of the consideration for the judgment.

After more than a year had elapsed, without any effort on the part of defendant to substantiate the allegations of fact upon which the rule was based, he voluntarily withdrew his application, and nothing more was done until October, 1885, when the second petition, containing substantially the same averments as to failure of consideration, together with additional allegations of fact not embodied in the first application, was presented and refused. This was supplemented by application of Mr. Whitehead, terre-tenant of part of the premises affected by the judgment, and that was also refused.

It cannot be claimed that it was the duty of the court to entertain defendant's second application for any of the causes alleged in the first petition. As to those matters he had his day in court and voluntarily withdrew therefrom; and has, therefore, no right to complain of the refusal of the court to afford him a second opportunity of being heard on the same subject, and thus further delaying the process of the court. As to the additional allegations of fact contained in the second application of defendant and the affidavit of Whitehead, there is nothing that made it incumbent on the court to open the judgment for the purpose of letting defendant or his assignee into a defense. If there is any merit in either of the additional allegations of fact, the only possible bearing it could have would be on the question of how much, if anything, should be credited on the judgment. If there is any foundation for such an inquiry, the question can be disposed of without opening the judgment. To justify the opening of a judgment entered on warrant of attorney or by confession, it should appear that the judgment was originally confessed for more than, in equity and good conscience, was then owing by the defendant therein. It is clearly shown, however,

in the opinion of the court below that there is no merit in the applications. The record discloses no such equity on the part of the defendant in the judgment or those claiming under him as called for the intervention of the court below.

Decree affirmed and appeal dismissed, at the costs of appellant.