# W. W. WEIGLEY v. DAVID CONRADE.

APPEALS BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 15, 1890—Decided February 3, 1890.
[To be reported.]

1. In an application to open a judgment entered by confession in favor of the assignee of a bond, if it appear that the assignee advanced money to the obligee upon the security of the bond, it is no ground for relief that it was given by the defendant without consideration, but for the purpose of enabling the obligee to raise money upon it.
2. Where, upon insufficient grounds shown, an erroneous order has been made opening a judgment to let the defendant into a defence, which order is reversed, the subsequent proceedings upon the issue awarded, though terminating in a verdict and judgment for the defendant, must also be set aside: [See Scott's App., 123 Pa. 155.]

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

Nos. 54, 60 July Term 1889, Sup. Ct.; court below, No. 1023 December Term 1883, C. P. No. 4.

On February 7, 1884, judgment was entered in favor of William W. Weigley, assignee of Edward B. Williams, against David Conrade, upon a bond with warrant of attorney executed by Conrade on November 3, 1882, conditioned for the payment of $2,500 to Edward B. Williams, and assigned the same day to William W. Weigley.

On February 16, 1884, the defendant presented a petition

Statement of Facts.

averring in substance : That Williams was a stock broker, and that defendant had had some dealings with him, when about the middle of October, 1882, defendant saw in the papers that Williams was in financial difficulties; that Williams held cash and securities belonging to defendant, and feeling alarmed, defendant called on Williams to know the condition of his affairs, and also demanded the money and securities belonging to him; that Williams assured him that he would pay every dollar of his obligations if not pressed too hard, as with a little money he could start again in his business as a broker, and would be able inside of twelve months to pay all his indebtedness; that a few days after this Williams asked defendant for the loan of his bond for $2,500, stating that he was promised nine bonds of like amount, and with $25,000 which would be secured by these bonds, he, Williams, would resume his business as broker and within a year be able to pay all his indebtedness; that Williams subsequently showed defendant two or three of these bonds, and told defendant that he had the nine, and only required defendant's bond to make the full amount required; that thinking the enabling of Williams to go on in business might be the only way of recovering what he already owed defendant, defendant gave him a bond for $2,500, coupled with the condition that it should be used only with the nine others of like amount to secure the $25,000, with which to resume business and enable him to pay off his indebtedness; that shortly afterward defendant learned that Williams had passed his bond over to the plaintiff, Weigley, and not for the said purpose that defendant gave the bond, but, as defendant learned, as collateral security for a pre-existing debt due by Williams to Weigley. It was also averred, that at the time the plaintiff received the bond sued on, Williams was and still continued indebted to the defendant in the sum of $10,000, and that defendant had at no time executed any declaration of no set-off, at the request of plaintiff or of any one else.

A rule to open the judgment, etc., having been granted, depositions were taken and filed by both parties, showing the facts sufficiently appearing in the opinion of this court; and on March 20, 1884, after hearing and argument upon the depositions, the court, without opinion filed, entered an order making the rule absolute.[1]

On April 4, 1885, by direction of the court, an issue was framed by a narr upon the bond, and pleas of non est factum, nil debet and set-off, with leave to give special matter in evidence of which notice was given. On May 2, 1888, the death of the defendant was suggested, and T. A. Redding and M. A. Conrade, his executors, were substituted.

At the trial on February 8, 1889, before WILLSON, J., the plaintiff read in evidence the bond in suit, and then offered the assignment, which was formal and executed by Williams, in the presence of two witnesses, the signature of the assignor having *under* it a double-dotted flourish, but no " L. S." at the end of it, usually designating a seal.

The defendants objected, the assignment not being under seal : [Section 8, act of May 28, 1715, 1 Sm. L. 90.]

By the court: Objection sustained; exception.[a]

The plaintiff then offered the record of the judgment entered on the bond.

Objected to.

By the court : Objection sustained ; exception.[b]

The plaintiff then closed, when the court instructed the jury to return a verdict for the defendants.[c]

A verdict for the defendant having been returned, judgment entered, and a rule for a new trial discharged, the plaintiff took the appeal entered in this court at No. 60, assigning for error:

1, 2. The refusal of plaintiff's offers.[a] [b]

3. The instruction to find for defendants.[c]

The plaintiff also took the appeal entered to No. 54 in this court, assigning for error :

1. The order making absolute the rule to show cause why the judgment should not be opened.[1]

*Mr. John H. Colton* and *Mr. S. C. Perkins*, for the appellant :

1. The bond and warrant in question were used for the purpose contemplated. " There was, therefore, no damage to the obligor, without which there is no relief, even in equity: " Fulton v. Hood, 34 Pa. 365, 372. Conrade himself testified in his deposition that he gave the bond to Williams " for no other purpose than to realize money on it; cash " with which to continue business ; and the testimony of Weigley contained in

his deposition shows that this purpose was fully accomplished. A declaration of no set-off was not needed. Inquiry by an assignee is only to discover defences that exist. Here there was none to discover. The question of constructive notice does not arise when inquiry would reveal no impediment: Ross's App., 106 Pa. 85 ; Eldred v. Hazlett, 33 Pa. 307.

2. " If a man will shut his eyes so that he will not see, and close his ears so that he will not hear, and has permitted other parties to change their relations by reason of his conduct, he has no claim upon the sound discretion of a chancellor : " PAXSON, J., in Steinbaker v. Wilson, 1 Leg. Gaz. R. 76, 79. Conrade gave Williams his assignable bond to raise money upon for their joint benefit. He could not be deceived by its use for that very purpose, although he himself might have contemplated a deception of the person who would advance money on the faith of it. It is sufficient, if he intended that his conduct should induce another to act upon it, and that the other, relying on it, did so act : Bidwell v. Pittsburgh, 85 Pa. 412, 417.

*Mr. Chas. Henry Hart*, for the appellee :

1. The opening of a judgment is entirely a matter of discretion. Nor has the act of April 4, 1877, P. L. 53, under which the present appeal is taken, changed the law in this respect: Hickernell's App., 90 Pa. 328 ; Earley's App., 90 Pa. 321 ; Babcock v. Day, 104 Pa. 7 ; Wernet's App., 91 Pa. 319 ; Jenkintown N. Bank's App., 124 Pa. 337.

2. The assignment being by parol, and not under seal, the plaintiff had no right to enter judgment upon it by virtue of the warrant of attorney, but was bound to bring suit upon the bond, and prove what value he paid for it, before he could recover a single dollar: Weaver v. Lynch, 25 Pa. 451 ; Eldred v. Hazlett, 33 Pa. 315 ; Twitchell v. McMurtrie, 77 Pa. 386. It was clearly shown by the testimony that Weigley was not a bona fide purchaser, entitled to protection : Royer v. Keystone N. Bank, 83 Pa. 248.

3. That an assignee of a bond takes it subject to all the equities between the parties existing at the time of the assignment, or notice thereof, unless he calls upon the obligor for a declaration of no set-off, is settled by a long line of cases : Wheeler v. Hughes, 1 Dall. 23 ; Frantz v. Brown, 1 P. & W.

257; Eldred v. Hazlett, 33 Pa. 307; Dean v. Herrold, 37 Pa. 150; Bury v. Hartman, 4 S. & R. 175; Northampton Bank v. Balliet, 8 W. & S. 318; Rider v. Johnson, 20 Pa. 190; Horstman v. Gerker, 49 Pa. 282; Theyken v. Machine Co., 109 Pa. 95.

## NO. 60.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was an appeal from the order or decree of the court below opening a judgment entered by virtue of a warrant of attorney. The bond accompanying said warrant was for the sum of $2,500, and was given by David Conrade to Edward B. Williams. The judgment was entered in favor of William W. Weigley, assignee of Edward B. Williams, against Conrade, to December Term, 1883. The depositions of the defendant and one Alfred J. Vollrath were taken in support of this rule to open the judgment, and from their testimony it appears that Williams, who was a broker, had had numerous business matters with Conrade, and at the time of the giving of the bond was indebted to the latter in a considerable sum of money. Williams was embarrassed, and, to enable him to start again in business, Conrade gave him this bond for the purpose of enabling him, Williams, to raise money upon it. The idea was that by such assistance from Conrade, and a like help from others of his friends, Williams would be able to make money enough to satisfy his creditors, of whom, as before stated, Conrade was one. The deposition of the plaintiff, Weigley, was also taken on his own behalf, and he testified that he advanced Williams a large amount of money on this bond and other securities. Weigley's testimony upon this point was uncontradicted. It thus appears that the bond was used for the very purpose for which it was given, to wit, to raise money to assist Williams. In this respect the bond resembles accommodation paper, given by one person to another to enable him to raise money thereon. It has been repeatedly held that want of consideration cannot be set up against such paper, even though the holder knew that it was made for the accommodation of the payee, for the reason that the object of issuing it was to raise money thereon.

In the recent case of Jenkintown N. Bank's App., 124 Pa. 337, we had occasion to examine with some care the rules

which should govern in applications to open judgments. What we said was but a repetition of what has been frequently said before, and need not be now repeated. Tested by the rules there laid down, we are of opinion that this judgment was improvidently opened.

> The order of March 20, 1884, making absolute the rule to open the judgment, is reversed and set aside, at the costs of the appellee.

### NO. 54.

OPINION, MR. CHIEF JUSTICE PAXSON:

We have just decided in the preceding appeal, that it was error to open the judgment in case of Weigley, Assignee of Williams, v. Conrade. It follows necessarily that the feigned issue and all subsequent proceedings must be set aside. While we reverse the judgment in this case, we express no opinion upon any of the rulings of the court below upon the feigned issue.                     Judgment reversed.