# Rudolph Wurlitzer Co. *v.* Pearson, Appellant (No. 1).

*Judgment—Warrant to confess judgment—Striking off judgment—Bailment—Promissory notes as collateral security.*

Where a contract of bailment of a musical instrument provides for monthly payments of rental for a long series of months, and that in case of default on any one payment the whole amount of rent unpaid shall become due and judgment may be entered for such amount by the prothonotary or any attorney, a judgment entered on an affidavit showing default of one payment, for the whole rent unpaid, will not be stricken off on the ground that the prothonotary was without authority to enter the judgment because what was due did not appear on the face of the instrument as required by the Act of February 24, 1806.

In such a case the defendant cannot claim that the judgment should be stricken off because certain notes given at the time of the signing of the agreement were outstanding when the judgment was entered. If it appears that any of such notes have been paid, he will have standing to show that fact.

Argued Dec. 17, 1915. Appeal, No. 314, Oct. T., 1915, by defendant, from order of C. P. No. 1, Philadelphia Co., Sept. T., 1914, No. 3927, discharging rule to strike off judgment in case of Rudolph Wurlitzer Company v. James H. Pearson. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Rule to strike off judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to strike off judgment.

*M. D. Hayes* and *E. P. Gallagher,* for appellant.

*Howard E. Heckler,* for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

This is an appeal from the refusal of the court below to strike off a judgment. The judgment objected to was entered on a warrant of attorney attached to a lease of a musical instrument. The obligation of the lessee was to pay the sum of $21.78 on the date of the execution of the lease, $25.00 on the fourth day of June and $25.00 on the fourth day of each succeeding month for a period of two months and $30.00 on the fourth day of each succeeding month for a period of forty months. The lease contained a provision that the lessor would sell the instrument to the lessee for the sum of one dollar if the installments of rent were fully paid as stipulated for. The warrant of attorney out of which the controversy arises is in these words: "It shall be optional with the said bailor in the case said bailee fails to comply with any of the covenants aforesaid to proceed as above set forth or to procure judgment to be entered upon this lease for the whole amount of rent unpaid and for that purpose said bailee hereby authorizes the prothonotary or any attorney in any court of record to appear for and confess judgment against him in favor of said bailor for the whole amount of rent unpaid and costs whether the same shall have become due and payable under the conditions of this lease or not." The plaintiff's agent, Schneider, filed a copy of this obligation in the office of the prothonotary to which copy was attached his affidavit that default had been made in the payment of monthly installments on the contract in September, October and November and that there was due and unpaid on the obligation the sum of $1,236.51 for which the deponent asked judgment. It is not denied that default was made and that the amount payable on the contract was correctly stated in the suggestion of default filed with the note. It is contended, however, on behalf of the appellant that the prothonotary was without authority to enter the judgment for the reason that what was due did not appear from the face of the

instrument, as required by the Act of Feb. 24, 1806. One of the provisions of that statute is: "It shall be the duty of the prothonotary of any court of record within this Commonwealth on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing in which judgment is confessed or containing a warrant for any attorney-at-law or other person to confess judgment, to enter judgment against the person or persons who executed the same for the amount which from the face of the instrument may appear to be due." As there was no formal confession of judgment on the record it is urged that the only authority for entering the judgment was the statute referred to and that this act gives no authority to the prothonotary to file a judgment for a sum "whether the same shall have become due and payable under the conditions" of the agreement or not. We are unable to accept this view, however. The contract expressed in clear terms the amount for which the defendant obligated himself. Payments were to be made in definite installments and it was a matter of simple calculation to ascertain the whole amount due on the contract. According to the terms of the paper as well as the suggestion in the affidavit accompanying it the defendant had made default. There was nothing in the instrument to show performance by the obligor and the possession of the contract by the plaintiff made out his prima facie right to recover according to its terms. The burden of proof was on the defendant to show that he had complied with his obligation and that nothing was due at the time the judgment was entered. To the prothonotary the paper exhibited on its face a right to judgment. Whether, therefore, the judgment was entered by the prothonotary or by virtue of the warrant of attorney expressly authorizing him thereto the judgment followed the contract. The authority of the prothonotary under such circumstances is discussed in Whitney v. Hopkins, 135 Pa. 246; and also in Dalton v. Willingmyre, 60 Pa. Superior Ct. 225. The confession

of judgment was in accordance with the evident intention of the parties as indicated in their agreement and is in harmony with the authorities above cited.

The notes given by the defendant at the time the contract was signed were collateral to the contract and additional security.  The fact that they are outstanding or not credited on the contract affords no support to the application to strike off the judgment.  If it should later appear that they have been paid the plaintiff would have standing to show that fact.  It is not now pretended that he should have credit because of any money paid on account of these notes.

The order is affirmed and the appeal dismissed at the cost of the appellant.