## O'Maley, Appellant, v. Pugliese.

*Mortgage—Judgment entered on bond — Opening judgment — Mistake in calculation of amount due—Control of judgment and execution—Payments—Assignment—Notice.*

1. Where a warrant of attorney to confess judgment, in a bond accompanying a mortgage, contains no limit as to time, judgment may be entered thereon by the mortgagee without waiting for the maturity of the obligation, or default thereon; but such judgment and execution thereon remain within the control of the court.

2. The lien of the judgment relates back to that of the mortgage, and, in entering it, the mortgagee is acting within his rights, unless debarred therefrom by his fraudulent conduct, and that is primarily a question for the lower court.

3. In liquidating the damages upon such a judgment, any errors which result from miscalculation should be adjusted by the court below without opening the judgment; as should the right to, and extent of, attorney's commissions for collection.

4. Payments made to a mortgagee without notice of an assignment are valid.

Argued October 18, 1921. Appeal, No. 167, Oct. T., 1921, by plaintiff, from order of C. P. Allegheny Co., Oct. T., 1920, No. 483, making absolute rule to open

judgment and from judgment on verdict for defendant, in case of James P. O'Maley, for use, etc., v. Sebastiano Pugliese.   Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.   Reversed.

Issue to determine validity of a confessed judgment, after making absolute rule to show cause why judgment should not be opened.   Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant: 69 Pitts. L. J. 549.   Plaintiff appealed.

*Errors assigned* were (1) refusal of plaintiff's motion for judgment n. o. v., quoting order and exception, and (2) order making absolute rule to open judgment, quoting order and exception.

*James F. Coyle,* with him *Laurence B. Hurst,* for appellant, cited: Atkinson v. Walton, 162 Pa. 219; Malone v. R. R., 1 Clark 380; Warwick Iron Co. v. Morton, 148 Pa. 72.

*Frank A. Ammon,* for appellee, cited: Meigs v. Tunnicliffe, 214 Pa. 495; Lee v. Sallada, 7 Pa. Superior Ct. 98.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

On October 3, 1919, James P. O'Maley conveyed certain real estate, situated on Boquet Street in Pittsburgh, to Sebastiano Pugliese and received in part payment a purchase-money bond and mortgage for $4,400, payable $50 a month, with certain provisions for payment of interest.   On the same day, O'Maley entered the mortgage of record and, by endorsement on the margin thereof, assigned it to his brother, G. T. O'Maley, of Kansas City, Mo.   The mortgagor paid the first eight monthly payments to the mortgagee, as they matured, in ignorance of the assignment, and thereafter, on May

27, 1920, conveyed the premises to Domenico Argentiere, subject to the mortgage debt. At that time the assignment of the mortgage came to the knowledge of Pugliese and Argentiere. Their attorney then repeatedly wrote to G. T. O'Maley with reference to the mortgage, but received no reply; and they contend James P. O'Maley declined to recognize Argentiere as purchaser of the property or to give them any satisfaction; admittedly he refused the installments for June, July and August, 1920, when tendered him on the 14th of the latter month. Yet sixteen days later, James P. O'Maley, having received a reassignment of the bond and mortgage, entered judgment upon the former for the penal sum of $8,800, and liquidated as the real debt the entire unpaid balance, including interest, attorneys' commissions, etc., and proceeded to take the land in execution. This he did by virtue of a stipulation in the bond and mortgage that in case of default as to any payment for thirty days the entire debt should become due and payable. However, on defendant's application, the execution was stayed by the court below, who thereafter made an order opening the judgment and letting defendant in to a defense. An issue was then framed and the case went to trial before a jury, who made special findings to the effect that the owners of the land in question were able and willing to pay all installments as they matured and were prevented from so doing by the fraud and misconduct of James P. O'Maley, the mortgagee, and that he acted in bad faith in declaring the default. Plaintiff's rule for judgment in his favor n. o. v. having been discharged he brought this appeal.

The order opening the judgment must be set aside, which will render abortive all proceedings subsequent thereto: Weigley v. Conrade, 132 Pa. 147; English's App., 119 Pa. 533. The judgment was confessed as provided in the bond, and, the warrant being without limit as to time, it was not necessary to await the maturity of the obligation (Integrity Ins., etc., Co. v. Rau, 153 Pa.

488; Valkenand v. Drum, 143 Pa. 525)); hence, the question of default was immaterial to the validity of the judgment, although the steps taken by defendant in the lower court seem to be based upon the opposite theory.

Payments made to a mortgagee without notice of an assignment are valid (Foster v. Carson et ux., 159 Pa. 477; Brindle v. McIlvaine, 9 S. & R. 75; Bury v. Hartman, 4 S. & R. 175; Lee v. Sallada, 7 Pa. Superior Ct. 98); therefore, defendant is entitled to credit for the payments made James P. O'Maley while the mortgage stood in his brother's name. In fact, credit for such payments was given by James P. O'Maley in his liquidation. Errors if any in the liquidation which result from miscalculation should be adjusted by the court below without opening the judgment (Saunders v. Martin, 3 Sadler 346), as should the right to and extent of attorney's commissions for collection.

A confessed judgment remains within the control of the court, as does the execution issued thereon: see Integrity Ins., etc., Co. v. Rau, supra. The lien of this judgment, however, related back to that of the mortgage (De Witt's App., 76 Pa. 283; Hostetter's Petition, 57 Pa. Superior Ct. 601; Boyer v. Webber, 22 Pa. Superior Ct. 35), and plaintiff was proceeding within his rights (Robinson v. Loomis, 51 Pa. 78) unless debarred therefrom by his fraudulent conduct (see Atkinson v. Walton, 162 Pa. 219), and that is primarily a question for the lower court, as to which we express no opinion.

The order making absolute the rule to open the judgment is reversed and all subsequent proceedings are set aside, and the rule is discharged but without prejudice to appellee's right to other relief; the cost on this appeal to be paid by him.