# Beck, Appellant, *v.* Pennsylvania Railroad Co.

*Workmen's compensation—Compensation award—Commutation order—Judgment—Opening judgment—Federal control—Act of Congress of February 28, 1920, section 206, par. (g)—Stay of execution—Appeal.*

1. Where a compensation agreement is entered into for injuries sustained by a workman while defendant's railroad was under federal control, and the agreement is signed by the company's district claim agent acting under the director general of railroads, and thereafter a commutation order is made which recited that it was granted upon petition of the U. S. director general of railroads, and the railroad company, naming it, defendant, and which directed that said defendant is ordered to pay a fixed sum named, the court may, under the Act of Congress of February 28, 1920, stay the execution, but it has no authority to open a judgment entered on such order.

2. In such case, as plaintiff has a judgment which it cannot enforce, and defendant a lien against its property that it cannot discharge save by payment, which may be inequitable, the appellate court will reverse the order opening the judgment, and in so doing will suggest as the proper procedure that plaintiff or defendant company apply to the Workmen's Compensation Board to open the proceedings, but only so far as the order of commutation is concerned, that the board should modify the order of commutation, so as to make it clearly appear that payment thereof is to be made by the United States Railroad Administration, Director General of Railroads, if that is what is intended, and that, upon the making of such order, the court below amend the judgment on its records so that it shall be in agreement with the order of the Workmen's Compensation Board.

Argued April 11, 1921.    Appeal, No. 223, Jan. T., 1922, by plaintiff, from order of C. P. Luzerne Co., May T., 1921, No. 166, making absolute rule to open judgment, in case of Clarence R. Beck v. Pennsylvania Railroad Co. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART and SCHAFFER, JJ.    Affirmed in part and reversed in part.

Rule to open judgment.  Before FULLER, P. J.
The opinion of the Supreme Court states the facts.
Rule absolute.  Plaintiff appealed.

*Error assigned* was order, quoting record.

*Rush Trescott,* with him *Paul J. Sherwood,* for appellant.—The judgment entered in the common pleas for purpose of lien and execution, is regular, and the common pleas had no power to open : Lacock v. White, 19 Pa. 495; Doerr v. Graybill, 24 Pa. Superior Ct. 321; Boyd v. Miller, 52 Pa. 431.

The form of the action, the pleadings, the agreement executed by both parties, name the Pennsylvania Railroad Co. as defendant and employer, and the final order of commutation upon which judgment is entered and execution issued, directs "defendant" to pay.

Defendant is estopped from denying liability: Humphrey v. Tozier, 154 Pa. 410; Robinson's App., 180 Pa. 561.

*P. F. O'Neill,* with him *S. W. Rhoads* and *F. W. Wheaton,* for appellee.—Appellant is not entitled to a lien against the carrier: Schaffer v. Cadwallader, 36 Pa. 126.

There is no authority for the entering of a judgment against the carrier: Bryn Mawr Nat. Bank v. James, 152 Pa. 364.

The opening of the judgment is within the sound discretion of the court below and such action is reversible only for abuse of its discretion.

OPINION BY MR. JUSTICE SCHAFFER, May 8, 1922 :

This is an appeal from an order opening judgment entered in the court below on a commuted workman's compensation award.

The Act of Congress approved February 28, 1920, section 206, par. (g), provides: "No execution or process, other than on a judgment recovered by the United States

against a carrier, shall be levied upon the property of any carrier where the cause of action on account of which the judgment was obtained grew out of the possession, use, control or operation of any railroad or system of transportation by the President under federal control."

The injury for which plaintiff was awarded compensation was received while defendant's railroad was under federal control. The claim petition filed by plaintiff set forth, that he was employed by the Pennsylvania Railroad Company and the compensation agreement, subsequently entered into, was executed, in its name, by a person signing it as its district claim agent. The petition for commutation, however, was by the United States Railroad Administration, director general of railroads, and the order of commutation made on this petition recites that it was granted "upon petition of the U. S. Railroad Administration, director general of railroads, *Pennsylvania Railroad Company, defendant.*" After reciting this fact, the order of the compensation board proceeds, "The said defendant is directed to pay to claimant forthwith in a lump sum the present value of the remaining payments under the agreement together, with all unpaid compensation to date," and fixes the exact sum to be paid. It was on this order judgment was entered in the common pleas, in pursuance of section 428 of the Act of June 26, 1919, P. L. 666.

Following the entry of the judgment and the issuing of execution thereon, defendant presented its petition to the court below to set aside the execution and strike off the judgment, grounding its right to invoke such action on the act of Congress above referred to, and averring that the agreement for compensation, entered into by its district claim agent, was executed by him while acting for, and in behalf of the United States Railroad Administration, Director General of Railroads; that the law department of the defendant, in which the claim agent was employed, had been directed to act for the director general, in handling all claims against him growing out of the

operation of the properties of the defendant company by him during federal control, and that the injury to plaintiff occurred while he was engaged as a fireman on a locomotive of the defendant so operated. In his answer plaintiff did not controvert the allegation that his injury had occurred while defendant's railroad was being operated under federal control, but set up that the defendant named in the order of the Workmen's Compensation Board who is directed to make payment is the Pennsylvania Railroad Company and denied the authority of the court to grant the relief requested. The court did not follow the course prayed for in the petition, and refused to strike off the judgment, because regular on its face, it did however make on order that the judgment be opened, and an issue framed on the pleadings in the case.

In view of the provision of the act of Congress, which explicitly sets forth that no execution or process shall be levied upon the property of a carrier, where the cause of action on account of which a judgment has been obtained, grew out of the operation of a railroad while under federal control, plaintiff had no right to issue execution on the judgment; we fail, however, to see where the court, on the papers before it, had authority to open the judgment or award an issue: O'Maley v. Pugliese, 272 Pa. 356.

The difficulty in the case grows out of the ambiguous wording of the order of commutation made by the Workmen's Compensation Board, which, as before noted, provides: "Commutation granted upon petition of the U. S. Railroad Administration, Director General of Railroads, Pennsylvania Railroad Company, defendant. *The said defendant* is directed to pay to Clarence R. Beck, claimant, forthwith in a lump sum," etc. This looseness of language, under the situation presented to us, can only be cleared up by the board, and unless it is, justice in the case cannot be reached, as plaintiff has a judgment which it cannot enforce and defendant a lien against its prop-

erty that it cannot discharge save by payment, which it may not be equitable that it shall make.

To summarize, our decision is that the execution was properly stayed but that so much of the order of the court below as provided for opening the judgment and awarding an issue must be set aside; that the proper procedure is for plaintiff or defendant to apply to the Workmen's Compensation Board to open the proceedings, but only so far as the order of commutation is concerned; that the board should modify the order of commutation so as to make it clearly appear that payment thereof is to be made by the United States Railroad Administration, Director General of Railroads, if that is what it intends, and that, upon the making of such order, the court below should amend the judgment on its records so that it shall be in agreement with the order of the Workmen's Compensation Board.

So much of the order of the court below as stays the execution is affirmed, the balance thereof is reversed and set aside, and the record is remitted for further proceedings not inconsistent with this opinion.