## National Cash Register Co. v. Keystone Furniture Co.

*Judgment entered on lease—When it will not be stricken off—Warrant of attorney—Ascertainment of amount due.*

1. Where a judgment was entered by the prothonotary by direction of the attorney for the plaintiff on a lease providing for monthly payments, and in case of default, authorizing "any attorney to appear for and enter judgment against defendant," the judgment will not be stricken off on the ground that there was no affidavit filed of the amount due and nothing to show how the amount was arrived at, and the præcipe was not signed by any attorney for the defendant, there being no claim that the defendant was not in default.

2. In such case the holder of the instrument is not required to prove that it has not been paid, but the production of the instrument, apparently showing instalments due, makes a *prima facie* case as to the part of the charges alleged to be due. and until the *prima facies* of the instrument is overcome by proof, the judgment must stand. Errors in calculating the amount due can be adjusted by the court without opening the judgment.

Rule to strike off judgment and vacate execution. C. P. Lancaster Co., April T., 1922, No. 274.

*F. Lyman Windolph,* for rule; *L. R. Geisenberger,* contra.

LANDIS, P. J., Sept. 23, 1922.—On Dec. 1, 1920, the defendant signed a promissory note, whereby he agreed to pay to the order of the National Cash Register Company the sum of $680, in the amounts and at the times specifically set forth in said note. On Dec. 2, 1920, he also signed the following paper:

"City, Lancaster; County, Lancaster, Pa. The National Cash Register Company, Dayton, Ohio: Date 12/2/1920. Please manufacture and ship freight prepaid to 12 and 14 W. King St., ——— City, ——— County, Pa., or to the nearest railroad station, Two at 700 of your No. 865 E. L. registers, 3 D. & C.

Moh. finish, denomination of keys Special, valued at $1400.00, for use on any counter. Furniture business, which undersigned hereby agrees to lease from you for a term of ———— months from the arrival thereof and to pay you as rental therefor the sum of $680 in 17 monthly payments of $40 each, and ———— of $ ————, undersigned to give you his promissory note for $————, payable in similar monthly payments as collateral security for payment of said rental. Change in terms. Undersigned further agrees to pay you $50.00 forthwith and $———— upon arrival of said register as a deposit to partially secure fulfillment of this agreement on the part of undersigned. This cancels order dated Dec. 2, 1919, on acct. of terms. Allow all money paid 670.00 ————————. In the event undersigned should refuse to accept said register, or fail to pay any part of the cash deposit above provided for, or refuse to execute and deliver said promissory note, or fail to pay any instalment of rental promptly when due, undersigned hereby authorizes and empowers any attorney of any Court of Record in this State or elsewhere to appear for and enter judgment with or without declaration against undersigned and assess damages as follows: In the event of refusal to accept register in an amount equal to forty per cent. of its value as herein expressed, which amount is hereby considered and agreed upon by both parties hereto as proper liquidated damages for such refusal; or if said register has been accepted and default is made in any payment above provided for in the execution or delivery of said promissory note, then said damages shall be an amount equal to the whole or any part unpaid under this agreement; and in any case said judgment shall include in addition to said damage all costs and an attorney fee of fifteen per cent. Said attorney is further authorized to release all errors and waive any right of undersigned to appeal, and the benefit of all appraisement, stay or execution laws of this state."

On May 31, 1922, the attorney for the plaintiff directed the prothonotary to enter judgment on the lease and note against the defendant in the sum of $240, and 15 per cent. collection fee and all costs, making $276 and costs, and on June 8, 1922, he issued execution upon the said judgment for the debt, attorney fee and costs. On July 25, 1922, the defendant presented his petition to one of the law judges in vacation and obtained a rule to show cause why the judgment should not be stricken off and the execution vacated.

The petition to strike off the judgment does not allege that the amount for which the judgment was entered was not at that time due by the defendant to the plaintiff. It, however, asserts that the judgment was not entered in accordance with the terms of the lease, that there was no affidavit filed of the amount due, and that there is nothing on the record to show what amount is claimed to be due for unpaid rent, or how the amount for which the judgment is entered was arrived at. It was also claimed that the judgment was entered pursuant to a præcipe signed by the attorney for the plaintiff and not by any attorney appearing for the defendant. These allegations are not disputed, and the question arising is whether, under such circumstances, the judgment and execution can stand.

From an examination of the authorities, I do not think that the law warrants any contrary conclusion. The defendant, as has been stated, does not claim that he was not in default, and, under such circumstances, the lease authorizes "any attorney of any court of record in this State or elsewhere to appear for and enter judgment. . . ."

In Dalton v. Willingmyre, 60 Pa. Superior Ct. 225, where a lease of chattels provided that, on default of any instalment of hire, the lessor might take immediate possession of the property, or, if he did not do so, the whole hire

for the whole term should immediately become due and payable, and added that the lessee further authorized "any attorney of any court of record in Pennsylvania or elsewhere to appear for and to confess judgment against him for the amount so due and unpaid," it was held that a judgment entered against the lessee on a præcipe signed by an attorney as attorney for the lessor ought not to be stricken off because of such irregularity. In the opinion of the Superior Court it is said: "The authority to appear for the defendant and confess a judgment against him was directed to any attorney of any court of record in Pennsylvania, and the præcipe to enter the judgment was signed by counsel as attorney for the plaintiff. Had he joined this with his assertion of attorney for the defendant, there would not be any question of the validity of the judgment. It is clear that the warrant was not directed to the prothonotary, and the only question is, was the judgment properly entered under the Act of Feb. 24, 1806, 4 Sm. Laws, 270, 278. . . . Connay *v.* Halstead, 73 Pa. 354; Whitney *v.* Hopkins, 135 Pa. 246; Latrobe *v.* Fritz, 152 Pa. 224, are authority for such entry of judgment when on the face of the instrument the amount due appears or can be rendered certain by calculation from inspection of the writing. Had the default been alleged for all the payments, the judgment could have been entered for the entire amount. That ten payments had been made at their maturity did not deprive the plaintiff from asserting the judgment for the amount actually due. 'The possession of an instrument of writing for the payment of money affords proof, *prima facie,* of a right in the holder to recover upon it according to its terms. The holder is not required to prove that it has not been paid. The case is made by the production of the instrument in the first instance, and the burden of showing payment is on him who alleges it.' As stated in Whitney *v.* Hopkins, 135 Pa. 246, 'if payments had been made that did not appear on the paper, so that there was in fact no default, the court would, on application, hear the defendant's proof and strike off the judgment; but until the *prima facies* of the instrument is overcome by proof, the judgment must stand.' It was practicable for the prothonotary to determine the existence of a default from the face of the paper, and the fact that the attorney for the plaintiff alleged a less amount due than could be determined from inspection of the paper should not deprive the plaintiff of the amount actually due."

In Jameson Piano Co. *v.* Earnest, 66 Pa. Superior Ct. 586, Kephart, J., delivering the opinion of the court, said: "There is no doubt that, had the judgment been entered in the Court of Common Pleas of Philadelphia County by the prothonotary, though the præcipe for the entry of judgment and the declaration or statement filed was not signed by the defendant or an attorney for him, the judgment would have been good under the 28th section of the Act of Feb. 24, 1806, 4 Sm. Laws, 270, 278." See, also, Johnson *v.* Jamison, 35 Lanc. Law Rev. 385.

In O'Maley *v.* Pugliese, 272 Pa. 356, Justice Walling, delivering the opinion of the court, said: "Errors, if any, in the liquidation which result from miscalculation should be adjusted by the court below without opening the judgment (Saunders *v.* Mather, 3 Sadler, 346), as should the right to and extent of attorney's commissions for collection. A confessed judgment remains within the control of the court, as does the execution issued thereon. See Integrity Ins., etc., Co. *v.* Rau, 153 Pa. 488."

I am of the opinion that the cases cited cover the point here raised, and that for that reason the rule to strike off the judgment and vacate the execution should be discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.