## Union Acceptance Co. v. Grant Motor Sales Co.

*Judgments — Rules to strike off — Warrant of attorney — Appearance of attorney—Declaration—Act of Feb. 24, 1806.*

1. Where judgment is entered upon a written instrument in accordance with warrant of attorney contained therein upon præcipe, filed by counsel for plaintiff, but without a declaration, such judgment will not be stricken off for failure to file a declaration or to enter an appearance for defendant.

2. The Act of Feb. 24, 1806, § 28, 4 Sm. Laws, 270, makes it the duty of the prothonotary of any court of record, on the application of any persons being the original holder (or assignee of such holder) of a note, bond or other instrument in writing in which judgment is confessed, to enter judgment against the person who executed the same for the amount which, from the face of the instrument, may appear to be due, without the agency of an attorney or declaration filed.

Rule to strike off judgment. C. P. Luzerne Co., Dec. T., 1923, No. 457.

*Clarence D. Coughlin*, for plaintiff; *Reynolds & Reynolds*, for defendant.

JONES, J., Feb. 14, 1924.—Mrs. Russell Shepherd, on May 18, 1923, executed a judgment note under seal, obligating herself to pay to the order of Grant Motor Sales Company $824 at the time or times stated in the schedule of payments endorsed on the note; the said schedule provided for monthly payments of $68.67.

On the back of the same paper, date not given, the payee in the note executed an obligation to the Union Acceptance Company, Inc., the plaintiff in this case, and by the terms thereof the payee assigned and transferred the note to plaintiff and guaranteed payment of principal and interest as and when the same became due and payable as per schedule on the note and empowered any attorney of any court of record to appear for them and, after declaration filed, confess judgment against them as of any term in favor of the holder for such amount as may appear to be unpaid thereon.

There was thus created two separate obligations, differing in form and substance, by two different parties, each containing a warrant for the entry of a judgment against the maker according to the tenor and effect of the instrument.

On Oct. 22, 1923, the prothonotary, upon an affidavit of default by attorney for the plaintiff and upon præcipe signed by him as plaintiff's attorney, entered judgment on the note against Mrs. Russell Shepherd for the sum of $824, with interest and attorney's commission, to No. 456, December Term, 1923.

On the same day, upon præcipe filed by counsel for the plaintiff to the following effect, "enter judgment on endorsement on note entered No. 456, December Term (no year given), according to the tenor and effect thereof, for the sum of $824, with interest from May 18, 1923, and attorney's commission of 10 per cent.," the prothonotary entered a judgment in favor of the plaintiff and against the Grant Motor Sales Company, upon which an execution was issued.

Grant Motor Sales Company presented its petition for a rule to show cause why the judgment against it should not be stricken from the record and assigns thirteen reasons embracing two propositions of law:

1. Because the record discloses no appearances by any attorney for the defendant nor any declaration filed by any attorney for it, and, therefore, there was no warrant in law authorizing the prothonotary to enter judgment against it.

2. Failure to file an affidavit of default.

A judgment by confession can only be sustained by a warrant authorizing it at the time and in the manner and form in which it was entered: Eddy *v.*

Smiley, 26 Pa. Superior Ct. 318; Agricultural T. Co. *v.* Brubaker & S., 73 Pa. Superior Ct. 468.

The right of the plaintiff to enter a judgment against the defendant by confession was dependent upon the provisions of the assignment, which contained a warrant for the entry of judgment as follows: "The undersigned further empowers any attorney of any court of record within the United States or elsewhere to appear for them or any of them severally or jointly and, after one or more declarations filed, confess judgment against the undersigned as of any term in favor of the holder for such amount as may appear to be unpaid hereon, with costs of suit."

The record discloses no appearance by any attorney for the defendant nor any declaration filed by any attorney for it. The præcipe or declaration is signed by the attorney for the plaintiff.

Was there any legal warrant for the entry of judgment against the Grant Motor Sales Company?

The Act of Feb. 24, 1806, § 28, 4 Sm. Laws, 270, makes it "the duty of the prothonotary of any court of record, on the application of any person being the original holder (or assignee of such holder) of a note, bond or other instrument of writing in which judgment is confessed, or containing a warrant for an attorney-at-law or other person to confess judgment, to enter judgment against the person or persons who executed the same for the amount which from the face of the instrument may appear to be due, without the agency of an attorney or declaration filed."

This act expressly dispenses with the necessity of filing the declaration, and yet gives the judgment the same force and effect as if a declaration had been filed: Rex *v.* Nelson, 15 Phila. 323; Montelius *v.* Montelius, Brightly's Reps. 79.

The evident and sole intention of the legislature in conferring the power of entering a judgment on a judgment bond without the intervention of an attorney was to exempt the obligor from the payment of costs to an attorney: Helvete *v.* Rapp, 7 S. & R. 306.

It is claimed that, because the judgment was entered pursuant to a præcipe signed by the attorney for the plaintiff and not by any attorney appearing for the defendant, the judgment is irregular.

Under the Act of 1806 the prothonotary could have entered the judgment upon the mere oral application of the plaintiff or any other person acting for him, and the mere fact that the request was in writing in the form of a præcipe signed by plaintiff's attorney cannot invalidate it.

An attorney is an officer of the court, and what he did was not in pursuance of any authority derived from the note, but in his capacity as an attorney and an officer of the court acting for the plaintiff: Racunas *v.* Vaughn, 29 Dist. R. 1058.

In Dalton *v.* Willingmyre, 60 Pa. Superior Ct. 225, the court said: "The authority to appear for the defendant and confess a judgment against him was directed to any attorney of any court of record in Pennsylvania, and the præcipe to enter the judgment was signed by counsel as attorney for the plaintiff." Had he joined this with his assertion of attorney for the defendant, there would not be any question of the validity of the judgment. It is clear that the warrant was not directed to the prothonotary, and the only question is, was the judgment properly entered under the Act of Feb. 24, 1806. Connay *v.* Halstead, 73 Pa. 354; Whitney *v.* Hopkins, 135 Pa. 246; Latrobe *v.* Fritz, 152 Pa. 224, are authority for such entry of judgment when

on the face of the instrument the amount due appears or can be rendered certain by calculation from inspection of the writing.

In Jameson Piano Co. v. Earnest, 66 Pa. Superior Ct. 586, the lease authorized any attorney of any court of record of Pennsylvania to appear for defendant and to enter judgment. The plaintiff's statement or declaration was addressed to the Clerk of the Municipal Court of Philadelphia County, and the judgment was entered by him in accordance with the direction of the attorney for the plaintiff. There was no appearance in behalf of the defendant, nor was the declaration signed by any attorney for the defendant. The court said: "There is no doubt that had the judgment been entered in the Court of Common Pleas of Philadelphia County by the prothonotary, though the præcipe for the entry of judgment and the declaration or statement filed was not signed by the defendant or an attorney for him, the judgment would have been good under the 28th section of the Act of Feb. 24, 1806."

Did the face of the instrument disclose the amount due or could it be rendered certain by calculation from inspection of the writing? An affidavit of default was filed upon the entry of the judgment against Shepherd, and in the præcipe upon which the judgment was entered against the defendant in this case a reference was made to that case. So this record does disclose an affidavit of default on the original note or undertaking.

In Dalton v. Willingmyre, 60 Pa. Superior Ct. 225, it was said that the possession of an instrument of writing for the payment of money affords prima facies of a right in the holder to recover upon it according to its terms. The holder is not required to prove that it has not been paid. The case is made by the production of the instrument in the first instance, and the burden of showing payment is on him who alleges it. If payments had been made that did not appear on the paper, so that there was in fact no default, the court would, on application, hear the defendant's proof and strike off the judgment; but until the prima facies of the instrument is overcome by proof, the judgment must stand: Whitney v. Hopkins, 135 Pa. 246.

The judgment is entered for the precise sum designated in the note. Defendant can avoid its obligation by showing that it has paid that sum, or any part thereof, according to the terms of the condition. That is a duty which rests upon it. The amount for which judgment is to be entered can be ascertained and is plain upon the face of this instrument.

In Wurlitzer Co. v. Pearson (No. 1), 62 Pa. Superior Ct. 425, it was said: "The notes given by the defendant at the time the contract was signed were collateral to the contract and additional security. The fact that they are outstanding or not credited on the contract affords no support to the application to strike off the judgment. If it should later appear that they have been paid, the plaintiff would have standing to show that fact."

The burden is on the defendant to show that he has complied with his obligation and that nothing was due at the time the judgment was entered.

A confessed judgment remains within the control of the court, as does the execution issued thereon: O'Maley v. Pugliese, 272 Pa. 356.

The judgment was confessed as provided in the bond, and the warrant being without limit as to time, it was not necessary to await the maturity of the obligation. . . . Hence, the question of default was immaterial to the validity of the judgment: O'Maley v. Pugliese, 272 Pa. 356.

Where a judgment was entered by the prothonotary by direction of the attorney for the plaintiff on a lease providing for monthly payments, and, in case of default, authorizing any attorney to appear for and enter judgment against defendant, the judgment will not be stricken off on the ground that

there was no affidavit filed of the amount due and nothing to show how the amount was arrived at, and the præcipe was not signed by any attorney for the defendant, there being no claim that the defendant was not in default: National Cash Register Co. v. Keystone Furniture Co., 3 D. & C. 24.

For the reasons herein stated, the application to strike off the judgment is refused and the rule to show cause is discharged.

From F. P. Slattery, Wilkes-Barre, Pa.