## Farmers Trust Company v. Egulf et al., Execs.

*E. M. Biddle, Jr., Caleb S. Brinton,* and *F. J. Temple-ton,* for plaintiff.

*Mottinger, Lengyel & Mills,* and *Joseph P. McKeehan,* for defendants.

REESE, P. J., June 15, 1938.—Laura E. Alexander, decedent, died testate on August 31, 1930, and by her will, duly probated, appointed defendants as executors. Plaintiff, the holder of notes aggregating $14,488.07, signed by decedent in her lifetime, instituted the present action in assumpsit by præcipe filed August 24, 1931, directing the action to be indexed against decedent and the executors. On the same date plaintiff's statement of claim was filed. On August 31, 1931, by endorsement thereon, the executors waived issuance and service of the summons and acknowledged receipt of a copy of plaintiff's statement and waived service thereof.

The executors filed no affidavit of defense, and nothing further was done until July 31, 1936, when plaintiff's counsel filed a præcipe directing the prothonotary to enter judgment against the executors and "William S. Egulf, devisee", in the above amount with interest. The prothonotary thereupon, "per præcipe filed", entered such judgment against the executors and the devisee.

On September 1, 1936, upon petitions of the executors and the devisee, rules were granted to strike off the judgment. In an opinion filed December 11, 1936, this court, without considering all the reasons advanced by petitioners, ordered the judgment stricken off on the ground that executors are not required to file an affidavit

of defense, and that therefore no judgment may be entered against them for want of an affidavit of defense.

Plaintiff appealed to the Supreme Court, which on June 25, 1937, filed an opinion holding that judgment may be entered by default for want of an affidavit of defense in assumpsit brought against the executors of a decedent upon a contract made by him. The Supreme Court in Farmers Trust Co. v. Egulf et al., 326 Pa. 453, accordingly reversed the order of this court, with directions to reinstate the judgment entered for plaintiff against defendants for want of an affidavit of defense, "unless cause to the contrary be shown." On July 13, 1937, defendants filed reasons why the judgment should not be reinstated, and on October 30, 1937, we made the following order:

"The judgment entered on July 31, 1936, in favor of Farmers Trust Company, plaintiff, and against William S. Egulf and Dr. Thomas W. Preston, executors of Laura E. Alexander, deceased, defendants, by default for want of an affidavit of defense is hereby reinstated."

On November 30, 1937, Thomas W. Preston, the surviving executor, presented his petition to open the judgment thus reinstated to permit defendant to prove that between the institution of the present action in 1931 and the entry of judgment by default in 1936 certain payments were made on account of principal and interest of the notes sued on. The judgment by default was in the sum of $14,448.07, with interest on $12,800 from August 15, 1931, on $1,148.07 from May 15, 1931, and on $500 from June 28, 1930. The petition to open avers that $805.77 was paid on account of the principal of the notes aggregating $12,800 and that interest thereon was paid to September 15, 1932. It is also averred that interest was paid on the $1,148.07 note to August 15, 1933, and that interest on the note on which $500 was due was paid to February 15, 1932.

The court granted a rule and plaintiff herein filed an answer admitting all the averments of the petition to open and agreeing "that the judgment shall be reduced and the credits allowed as claimed . . . in the petition to open."

Defendant contends that the original judgment should now be opened and judgment entered for the amount actually owing to plaintiff. Plaintiff, on the other hand, insists that the rule to open the judgment should be discharged, but agrees that the judgment should be reduced by the amount of the credits set forth in the petition to open.

Where, as here, a substantial portion of the judgment is admittedly due and defendant claims certain credits or payments, it is not necessary to open the judgment in its entirety. A rule to open judgment may be discharged in part and opened in part: Franklin v. Morris, 154 Pa. 152; Ferrainolo v. Ferrainolo, 79 Pitts. 632; 7 Standard Pennsylvania Practice 142; i. e., the rule to open the judgment may be discharged as to the part thereof admittedly due and opened as to the amount of the credits or payments claimed. But even as to such credits or payments it is only necessary to open the judgment when the credits or payments or the amount thereof are in dispute. Where, as here, the credits and payments claimed are fully admitted by plaintiff, we can see no necessity for opening the judgment in part to permit the trial of an issue concerning such credits and payments. Because of plaintiff's admissions, there is no issue or dispute, and the proper practice would be to discharge the rule to open, but to reduce the judgment to the proper amount.

Furthermore, the amount of the credits and payments claimed not being in dispute, the court could discharge the rule to open on terms, e. g., on condition that the plaintiff abate part of the judgment or agree to a reduction in the amount of the judgment: 7 Standard Pennsylvania Practice 142; Murray v. Auman, 42 Pa. Su-

perior Ct. 574; Augustine, etc., v. Thornton et al., 67 Pitts. 838; Slicker v. Emmon et al., 59 Pitts. 445. Inasmuch as plaintiff herein has already, in the answer to the rule and on oral argument, agreed to a reduction of the judgment by the full amount of the credits and payments claimed, there is no necessity to impose any condition on the discharge of the rule to open. All that remains to be done is for the court to reduce the amount of the judgment.

Subject to statutory provisions to the contrary, a judgment by default or confession remains indefinitely within the control of the court, which exercises an equitable supervision over such judgment, and the court may therefore modify or amend such a judgment as the ends of justice may require: 7 Standard Pennsylvania Practice 26. Hence, where it is undisputed that such a judgment has been entered in an improper amount, it may be corrected by amendment without opening the judgment: O'Maley v. Pugliese, 272 Pa. 356; De Vincentis et ux. v. Holden et al., 306 Pa. 212. An amendment of the amount will not be granted where there is conflicting evidence as to the proper amount for which judgment should have been entered. In such case the proper practice would be a rule to open: 7 Standard Pennsylvania Practice 28. In the present case there is no dispute as to the amount of credit claimed, and therefore no dispute as to the proper amount for which judgment should have been entered. Hence we can amend the judgment by reducing the amount without opening the judgment.

In De Vincentis et ux. v. Holden et al., supra, defendant contended that a confession judgment against him should be opened because the assessment of damages was excessive. Plaintiff agreed that this was so, and the lower court's action in correcting and amending the amount was approved. In 7 Standard Pennsylvania Practice 61, the latter case was cited for the principle that a judgment "will not be opened, on the ground that it is

entered for too large a sum, where the amount is reduced or abated in accordance with the contention of the defendant".

The present case is analogous. Defendant wants the judgment opened on the ground that, because of plaintiff's failure to allow certain credits and payments, judgment was entered in too large an amount. Since this is fully conceded by plaintiff, it is not necessary to open the judgment, but if the amount of the judgment "is reduced or abated in accordance with the contention of the defendant" the latter is, in justice, entitled to no more.

And now, June 15, 1938, the rule to open the judgment entered July 31, 1936, is hereby discharged; but said judgment is hereby reduced, in accordance with the credits and payments set forth in defendant's petition to open and admitted in plaintiff's answer, to the sum of $13,642.30, with interest on $11,994.23 from September 15, 1932, with interest on $1,148.07. from August 15, 1933, and with interest on $500 from February 1, 1932.