## Melavage v. Akelaitis.

*Judgment—Confessed judgment—Warrant to confess—Declaration—Act of Feb. 24, 1806.*

Under the Act of Feb. 24, 1806, 4 Sm. Laws, 278, a declaration need not be filed where judgment is entered under a warrant to confess judgment contained in a note, bond or other instrument in writing showing on the face the amount due, and this is the case although the writing may designate that the judgment is to be entered "after one or more declarations filed."

Judgment by confession. Petition to amend petition and rule to open judgment. C. P. Schuylkill Co., Sept. T., 1925, No. 326.

*R. A. Freiler* and *D. W. Bechtel*, for plaintiff.

*George M. Roads*, for defendant.

KOCH, J., April 19, 1926.—On July 27, 1925, the judgment in this case was entered by an attorney for the plaintiff upon a promissory note reading as follows:

"$2000.00                                        June 29, 1925.

"Thirty days after date I promise to pay to the order of A. P. Melavage Two thousand dollars, without defalcation, value received, with interest.

"And further, I do hereby empower any attorney of any Court of Record within the United States or elsewhere to appear for me and after one or more declarations filed confess judgment against me as of any term for the above sum with costs of suit and Attorney's commission of 10 per cent. for collection and release of all errors, and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived, and condemnation agreed to and the exemption of personal property from levy and sale on any execution hereon, is also hereby expressly waived, and no benefit of exemption be claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

"Witness my hand and seal                    VICTOR AKELAITIS    (Seal).
        Minerva Bishop
        Isabell McDonald."

On Dec. 7, 1925, the defendant obtained a rule to show cause why the judgment should not be opened and the defendant let into a defence, and depositions of certain witnesses on behalf of the defendant were taken in support

Melavage v. Akelaitis.

of that rule. But, pending the disposition of the rule, the defendant filed a petition to amend the rule and obtained the present rule to show cause why the first rule should not be amended so as "to strike said judgment from the record."

The reason assigned in support of the rule to amend is "That no declaration, or instrument of any kind whatsoever, was filed in the prothonotary's office, as required by the terms of said warrant of attorney," the petitioner averring "That the filing of a declaration in such office is a condition precedent to the right of an attorney to enter said judgment." The petitioner "believes and, therefore, avers that the entry of such judgment was illegal and without warrant of law, and your petitioner is entitled to have such judgment stricken from the record."

Section 28 of the Act of Feb. 24, 1806, 4 Sm. Laws, 278 (2 Purd., 2036), says: "It shall be the duty of the prothonotary of any court of record within this Commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond or other instrument of writing in which judgment is confessed, or containing a warrant for an attorney-at-law or other person to confess judgment, to enter judgment against the person or persons who executed the same, for the amount which, from the face of the instrument, may appear to be due, without the agency of an attorney or declaration filed, with such stay of execution as may be therein mentioned, for the fee of one dollar, to be paid by the defendant; particularly entering on his docket the date and tenor of the instrument of writing on which the judgment may be founded, which shall have the same force and effect as if a declaration had been filed and judgment confessed by an attorney, or judgment obtained in open court and in term time," etc.

This act clearly obviates the necessity of filing a declaration with such a note in order to enter judgment by confession, notwithstanding the fact that the note itself contains a provision empowering an attorney to appear for the defendant and to confess judgment "after one or more declarations filed." It was distinctly so held by Sergeant, J. (after consulting with Mr. Justice Kennedy), in the court of *nisi prius* at Philadelphia in 1845, in the case of Montelius v. Montelius, Brightly's Reps. 79, and in the case of Rex v. Nelson, 15 Phila. 323. See, also, to like effect, the well-considered opinion of Jones, J., in Union Acceptance Co. v. Grant Motor Sales Co., 5 D. & C. 407.

According to the record in this case, the judgment was entered "on application of the plaintiff," although the endorsement on the note bears the name of the plaintiff's attorney, and the name of the plaintiff's attorney appears on the face of the docket. But the Act of 1806 dispenses entirely with the provision requiring a declaration to be filed where the face of the instrument clearly discloses the amount due: Connay v. Halstead, 73 Pa. 354; Whitney v. Hopkins, 135 Pa. 246. The owner of such note may apply through any one as his agent to have judgment entered upon it, and if a lawyer be such agent, he need not, on that account alone, file a declaration, because the act dispenses with the agency of an attorney or declaration filed. No declaration was filed by the attorney in the case of Union Acceptance Co. v. Grant Motors Sales Co., 5 D. & C. 407.

The judgment is not entered on a declaration filed. "What is entered?— a judgment on the judgment bond filed:" Helvete v. Rapp, 7 S. & R. 306, 307.

The rule to show cause why the first rule should not be so amended as to show cause why the judgment should not be stricken from the record is discharged.

From M. M. Burke, Shenandoah, Pa.