## Stewart Builders, etc., v. Kohl

*Bernard B. Naef*, for plaintiff.
*Hyman Rockmaker*, for defendant.

HENNINGER, P. J., June 7, 1948.—Defendant on January 14, 1947, executed and delivered to Stewart Builders a judgment note for $373.38, payable at the rate of $20.52 per month. Stewart Builders assigned this note to Allied Building Credits, Inc., who caused judgment for $311.82 to be entered thereon on January 19, 1948, to the above term and number.

Defendant has moved to strike off the judgment on the ground that the note does not show on its face the amount for which judgment was to be entered and cites in support of his proposition two cases of our distinguished former colleague, President Judge R. W. Iobst, viz., Gagliardi v. Feldman, 342, January term, 1935, and Frederick v. Smeltzer, 19 Lehigh 378. Both cases state sound propositions of law, but they do not apply to our case. Both related to judgments for rent due for real estate, accrued after the expiration of the original term in the lease, with no proof of how the amount of the judgment was ascertained.

In this case the judgment was for less than the amount of the face of the note and did not require an affidavit of default to justify its entry. Since plaintiff could have entered judgment for the entire amount, defendant is not harmed by entry for a lesser amount: Dalton v. Willingmyre, 60 Pa. Superior Ct. 225; Keystone Home Improvement Co. v. Gergits, 328, September term, 1941. The burden of proving payment above the credits allowed is on defendant: Whitney v. Hopkins, 135 Pa. 246. The proper remedy if, by payment or setoff, defendants are entitled to credits not allowed, is to move to open the judgment: Dalton v. Willingmyre, supra; Whitney v. Hopkins, supra; Kemmerer v. Snyder, 18 Lehigh 146.

Defendant has stated no valid reasons for opening the judgment, so we cannot treat his rule to strike off as one to open.