# Connay *versus* Halstead.

1. The Act of February 24th 1806, sect. 28 (*Judgments*), does not give the prothonotary *all* the powers of an attorney at law to confess judgment.

2. The prothonotary can confess judgment on warrant, only when on the instrument the amount due appears, or can be rendered certain by calculation from its face.

3. A contract was for the sale of land at $10 per acre, the quantity to be ascertained by a survey, with warrant to enter judgment. *Held*, that the prothonotary could not enter judgment on the instrument.

4. On a rule to strike off a judgment entered on the instrument, the court upon plaintiff filing a statement of the survey and affidavit of the amount due, discharged the rule. *Held*, to be error; such judgment could not be aided by evidence outside the instrument.

March 12th 1873. Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Susquehanna county*. No. 26, to January Term 1873.

[Connay v. Halstead.]

The proceedings in this case were on a motion in the court below to strike off a judgment H. P. Halstead v. Thomas Connay, entered March 28th 1872, by the prothonotary, on the following instrument :—"

"This agreement, made, &c., the 20th day of March 1871, between H. P. Halstead, of, &c., of the one part, and Thomas Connay, of, &c., of the second part, witnesseth that the said party of the first part, his, &c., doth hereby covenant, &c., with the said party of the second part, upon payment of the purchase-money hereinafter stipulated, to grant, &c., unto the said Thomas Connay, the following described lot of land, situate, &c., bounded as follows : Beginning at north-west corner of land contracted to Martin Milon, running along same in an easterly direction to corner, in line of land contracted to Henry Shick ; thence in a northerly direction along said Shick and P. M. Smith to corner, in line of land sold Ellen Mack ; thence in a westerly direction along said Mack's land to corner thirty-two feet east of D. L. & W. R. Road ; thence in a southerly direction to place of beginning ; number of acres to be ascertained by survey, reserving, &c. And for the said lot of land, &c., the said party of the second part doth hereby covenant, &c., to pay the sum of ten dollars per acre, in the following instalments, to wit : twenty-five dollars, with interest on whole sum, on the 1st day of May next, 1871, and the balance in yearly payments of twenty-five dollars each, with interest annually, together with interest from the date hereof, payable with each instalment on the whole amount then unpaid. And in default of payment of any instalment of principal or interest more than one month, the entire sum of principal and interest shall become legally due upon the happening of such default, and the payment thereof may be enforced accordingly, by ejectment or other legal remedy.

"And the said party of the second part doth hereby authorize any attorney of any court of record in Pennsylvania to appear for me, and after one or more declarations filed as of the last, next, or any subsequent terms, to confess judgment against me for the whole amount due, according to any of the conditions or stipulations in this agreement, with waiver of inquisition and without stay of execution."

The order to the prothonotary to enter judgment was :—

"G. B. Eldred, Prot. : Enter judgment on this contract for three hundred and twelve 87-100 dollars; and issue fi. fa. to next Term.　　　　　　　　　J. B. & A. H. McCollum,

"$312.87.　　　　　　　　　Attorneys for Plaintiffs.

"March 28th 1872."

The paper was filed the same day.

On the 8th of April 1872, the court granted a rule to show cause why the judgment should not be stricken off.

[Connay *v.* Halstead.]

On the return of the rule the court delivered the following opinion:—

"The judgment in this case was entered upon a land contract containing a power of attorney authorizing judgment for the amount due, &c. It is objected on the part of the defendant that the amount cannot be ascertained from the paper itself, and therefore no judgment can be entered upon it. But the writing provides the mode of ascertaining the amount of purchase-money; and that is by a survey of the number of acres, the price per acre being fixed in the contract. The defendant does not allege that the quantity has not been determined by a survey, nor does he allege that the judgment has been entered for too large a sum. The writing authorizes a judgment to be entered for the amount of the purchase-money, and points out the manner of ascertaining the amount due. If the amount due has been ascertained by a correct survey and judgment has been entered for no more than is due, we think the judgment is regular and fully authorized by the writing of the parties.

"The plaintiff should file a statement of the survey, with the affidavit of the plaintiff, or some one for him, that the sum for which the judgment is entered is actually due. Upon the filing of such statement and affidavit the rule will be discharged."

The plaintiff subsequently filed a statement of the survey showing that the tract contained 30 acres and 102½ perches, with the following affidavit:—

"H. P. Halstead, the plaintiff above named, being duly sworn according to law, says that the sum for which judgment is entered in the above case is actually due and unpaid. Said defendant has never paid any part of said judgment.          H. P. HALSTEAD."

Thereupon, August 12th 1872, the rule to strike off the judgment was discharged.

This was assigned for error on the removal of the record to the Supreme Court by writ of error.

*R. B. Little*, for plaintiff in error.—The prothonotary can enter judgment on a warrant only for the amount which on the *face of the instrument* appears to be due: Act of February 24th 1806, sect. 28, 4 Sm. L. 278, 1 Br. Purd. 825, pl. 32. The warrant must contain a clear delegation of authority: Rabe *v.* Heslip, 4 Barr 139; White *v.* Shriver, 2 Watts 471.

*J. B. & A. H. McCollum*, for defendant in error.          .

The opinion of the court was delivered, May 17th 1873, by

AGNEW, J.—By the Act of 24th February 1806, Brightly's Purdon 577, pl. 32, it is made the duty of the prothonotary upon the application of the holder of a bond or other instrument con-

[Connay *v.* Halstead.]

taining a warrant of attorney to confess judgment, "to enter judgment against the person or persons who executed the same for the amount, which on the face of the instrument may appear to be due," &c. This act does not confer upon the prothonotary all the power of an attorney at law to confess a judgment, but only authorizes him without the agency of an attorney to enter a judgment in the way specified in the act, to wit, for the *amount* which from the *face* of the instrument may appear to be due. This would probably embrace a case where the sum due can be ascertained by calculation from the face of the writing, upon the maxim, *id certum est quod certum reddi potest.* But in this case the sum or amount due, could by no possible calculation be made to appear from the face of the instrument. It was an agreement for the sale of a tract of land by loosely-stated boundaries and no quantity stated. The price was to be at the rate of ten dollars an acre, and the number of acres was to be ascertained by a survey. Until the number should be thus determined, a matter wholly outside of the face of the paper, the amount of the purchase-money could not be known. The prothonotary had no guide, therefore, in entering the judgment. In fixing the sum he must rely upon evidence outside of the writing, and this would not be according to the letter or spirit of the act, which intended that a judgment should be entered only on the acknowledgment of the party himself contained in the writing. It is evident the law did not intend to make the prothonotary an arbitrator or umpire to determine uncertain things, and to conclude the party by his act; for by entering the judgment the party is brought into court and the judgment is final and concludes him, unless set aside or reversed. The filing of a survey and the affidavit of the plaintiff, as permitted by the court on hearing the rule to set the judgment aside, did not mend the matter; for at the bottom lay the want of authority in the prothonotary to bring the defendant into court on this writing. His act must be strictly according to the law, and is not like the general authority of an attorney at law, who may appear and confess judgment and arrange the details of the judgment.

Judgment reversed, and the writing ordered to be stricken from the file.