## Dalton, Appellant, *v.* Willingmyre.

*Judgment—Warrant of attorney to enter judgment—Bailment—Practice, C. P.*

Where a lease of chattels provides that on default of any installment of hire, the lessor may take immediate possession of the property, or if he does not do so, the whole hire for the whole term shall immediately become due and payable, and the lessee further authorizes "any attorney of any court of record in Pennsylvania, or elsewhere, to appear for, and to confess judgment against him for the amount so due and unpaid," a judgment entered against the lessee on a præcipe signed by an attorney, as attorney for the lessor, will not be stricken off because of such irregularity, inasmuch as the prothonotary had power under the Act of February 24, 1806, 4 Sm. L. 278, to enter judgment on such a warrant of attorney. In such a case the fact that ten installments had been paid at their maturity and this is set forth in a suggestion under oath filed with the lease, does not deprive the plaintiff from asserting the judgment for the amount actually due and unpaid.

Argued November 18, 1914. Appeal, No. 112, October T., 1914, by plaintiff, from order of C. P. Delaware Co., March T., 1913, No. 193, making absolute rule to strike off judgment in case of Eva G. Dalton v. Philip S. Willingmyre. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Reversed.

Rule to strike off judgment. Before BROMALL, J.

From the record it appeared that judgment was entered under a warrant of attorney contained in a lease

of chattels, the material provisions of which are quoted in the opinion of the Superior Court.

The suggestion of default was as follows: James L. Rankin, being duly affirmed according to law, deposes and says that he makes this affidavit for and on behalf of the said Eva G. Dalton, the above-named plaintiff, and as her attorney and agent, having a knowledge of the necessary facts, and further deposes and says that the said Philip S. Willingmyre, the above-named defendant, has neglected and refused to pay the sum of one hundred and twenty-five dollars, with interest from June 17th, 1910, which said sum, with interest, became by the terms of the agreement filed herewith due and payable on the 17th day of March, 1913, and thereupon by the terms of said agreement the entire balance of the hire money became due and payable at once.

The præcipe for judgment and assessment of damages was as follows: Enter judgment in the above case in favor of the plaintiff and against the defendant by virtue of defendant's warrant to confess judgment and assess the damages at the sum of three hundred and twenty-three dollars and fifty-seven cents, besides costs of suit, as follows:—

Real debt balance due ....................$293.43
Interest on $145.88 from March 17th, 1913,.... .73
Ten per cent. attorney commissions........... 29.41
_____
Total ...............................$323.57

The court made absolute rule to strike off judgment.

*Error assigned* was the order of the court.

*Albert J. Williams*, with him *James L. Rankin*, for appellant.—When the instrument in question was taken to the prothonotary on April 17, 1913, there was due by its terms eleven quarterly payments of $125.00 each, or $1,375.00, and the prothonotary would have been justi-

fied from the face of the instrument in entering judgment for that amount; a fortiori judgment could be entered for any part of that amount. If there was not in fact that amount due either because of payment or because the plaintiff had taken possession, the burden would be on the defendant to show it and he would be given an opportunity to show it on an application to open the judgment, but the prima facies, from the face of the instrument would be that the holder of it would be entitled to judgment as aforesaid. This meets both the requirement of the act that the prothonotary shall enter judgment "for the amount which, from the face of the instrument, may appear to be due," and the language of the power authorizing a confession "whenever under the terms of this agreement any sum owing hereunder is due and unpaid."

*W. S. Sykes,* for appellee.

OPINION BY ORLADY, J., July 21, 1915:

The court below struck off a judgment based upon an article of agreement in which the plaintiff agreed to hire to the defendant certain fixtures in a drug store for the period of thirty-six months, charging for the hire and use thereof for the term the sum of $1,500; the said hire to be payable in quarterly installments of $125 each, with interest from date, and prescribed certain conditions relating to the care of the property during the term; for a surrender at its expiration in the event of nonpayment of the rental price, and if Willingmyre had paid the hire for the term in full, then Dalton "will upon the request of Willingmyre shall make and deliver a bill of sale for the property to him upon payment of the further sum of one dollar." The clauses in the agreement which raise dispute in this case are as follows: (c) "In case the party of the second part (Willingmyre) shall fail to pay any installment of hire when due, or shall fail to perform any of his other covenants herein

contained, then the party of the first part (Dalton), or her duly authorized agent, shall have the right to take immediate possession of the said property, wherever it may be found, to enter in and upon any premises occupied by the party of the second part, to search for the said property, and to hold such property as they may retake discharged from any liability hereunder, and from the option of the party of the second part to purchase, and the party of the first part shall be entitled to hold and retain all hire theretofore paid, and to proceed to collect under the terms of this agreement, any unpaid hire that may have accrued up to the time of retaking possession of the said property." (d) "In case the party of the second part shall be in default as aforesaid, and the party of the first shall not avail herself of the right to retake possession of the said property before the expiration of the time as aforesaid, then the whole hire for the whole of the said time shall immediately become due and payable"—and especially the following: (d) "Whenever under the terms of this agreement any sum owing hereunder is due and unpaid, the party of the second part hereby authorizes any attorney of any court of record in Pennsylvania or elsewhere, to appear for, and to confess judgment against him for the amount so due and unpaid with interest thereon, costs of suit, and with ten per cent. added for collection fees, and with release of errors, and the party of the second part hereby waives and releases all relief from any and all appraisement, stay or exemption laws of any state in force, or hereafter to be passed."

On April 17, 1913, counsel for the plaintiff filed a suggestion, under oath, of default in payment of the installment due on March 17, 1913, and averred that the entire balance of the hire money became due and payable at once, and with this, filed with the prothonotary the original agreement and a præcipe for an assessment of damages in a judgment thereon, for debt, interest and attorney commissions.

The petition to strike off the judgment does not allege that the amount is not due under the terms of the agreement, but urges as the sole reason for his prayer, that the entry of the judgment was irregular.   It is conceded that the earlier payments had been made and that the amount of the judgment was in fact due and paid.

The authority to appear for the defendant and confess a judgment against him, was directed to any attorney of any court of record in Pennsylvania, and the præcipe to enter the judgment was signed by counsel as attorney for the plaintiff.   Had he joined this with his assertion of attorney for the defendant, there would not be any question of the validity of the judgment. It is clear that the warrant was not directed to the prothonotary, and the only question is, was the judgment properly entered under the Act of February 24, 1806, 4 Smith's Laws 278; 2 Stewart's Digest 2036; Connay v. Halstead, 73 Pa. 354; Whitney v. Hopkins, 135 Pa. 246; Latrobe v. Fritz, 152 Pa. 224, are authority for such entry of judgment when on the face of the instrument the amount due appears or can be rendered certain by calculation from inspection of the writing.   Had the default been alleged for all the payments, the judgment could have been entered for the entire amount. That ten payments had been made at their maturity did not deprive the plaintiff from asserting the judgment for the amount actually due.   "The possession of an instrument of writing for the payment of money affords proof prima facie of a right in the holder to recover upon it according to its terms.   The holder is not required to prove that it has not been paid.   The case is made by the production of the instrument in the first instance, and the burden of showing payment is on him who alleges it."

As stated in Whitney v. Hopkins, 135 Pa. 246, "If payments had been made that did not appear on the paper, so that there was in fact no default, the court would on application hear the defendant's proof, and

strike off the judgment; but, until the prima facies of the instrument is overcome by proof, the judgment must stand."

It was practicable for the prothonotary to determine the existence of a default from the face of the paper, and the fact that the attorney for the plaintiff alleged a less amount due than could be determined from inspection of the paper should not deprive the plaintiff of the amount actually due. That the plaintiff had an additional remedy is not conclusive of the invalidity of the judgment. That fact, like payment, was a matter of defense and could be asserted in ascertaining the correct amount due.

Construed in accordance with the evident intention of the parties, and in such a way as to give effect to the confession of judgment, the agreement did not make the confession operative only in case of a violation of the other stipulation: Richards v. Richards, 135 Pa. 239. If there is a defense to such a judgment, the proper practice is to proceed by rule to open it: Dikeman v. Butterfield, 135 Pa. 236.

The order striking off the judgment is reversed, with a procedendo.