# Morel *v.* Morel, Appellant.

*Notes—Judgment notes—Confession of judgment—Authority of prothonotary—Amount due—Ascertainment—Face of the instrument—Credit for payments—Act of February 24, 1806.*

The Act of February 24, 1806, 4 Sm. L., 278, makes it the duty of the prothonotary, on the application of the holder of any note or other instrument containing a warrant for confession of judgment, to enter judgment against the person or persons, who executed the same for the amount, which from the face of the instrument may appear to be due.

It is manifest that this act gives no authority to an officer of the court to act as an arbitrator, and hear evidence and reach a conclusion, on facts not appearing in the instrument, as to the amount for which judgment should be entered.

But when the holder of such an obligation, or his attorney, produces the evidence of the indebtedness and admits by endorsement a credit on the obligation, such endorsement must be taken into account in ascertaining the amount which may appear to be due.

There is implied authority, in the act, to enter judgment for a less amount than the original indebtedness where it is reduced by credits appearing on the instrument.

Argued March 6, 1923. Appeal, No. 4, March T., 1923, by defendant, from judgment of C. P. Lackawanna County, Oct. T., 1916, No. 664, discharging rule to strike off judgment entered upon warrant of attorney in the case of Louis Morel v. Sophie Morel. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to show cause why judgment should not be stricken off. Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the judgment of the court.

*John Memolo,* for appellant.—Judgment may only be entered for a sum which can be ascertained from the face of the writing: Connay v. Halstead, 73 Pa. 354; Whitney v. Hopkins, 135 Pa. 246; Jameson Piano Co. v. Earnest, 66 Pa. Superior Ct. 586.

*C. B. Price,* of *S. B., C. B. & J. H. Price,* for appellee.

OPINION BY HENDERSON, J., April 30, 1923:

On March 16, 1897, the defendant gave to the plaintiff a judgment promissory note under seal, for $862.31 without interest, payable ten years after date, to which obligation was attached a confession of judgment "for the said sum." A credit of $500 was endorsed on the note September 3, 1906. July 29, 1916, by direction of the plaintiff's attorney, the prothonotary confessed judgment against the defendant for $362.31, the amount due on the note after deducting the credit. Application was made by the defendant to strike off the judgment on the ground that judgment could only be entered by the prothonotary for the amount originally due on the obligation. The court discharged the rule to strike off and from that order we have the pending appeal. The judgment was entered under the authority conferred by the Act of February 24, 1806, Purdon's Digest, 13th edition, page 2036. That act makes it the duty of the prothonotary of any court of record within the Commonwealth on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney-at-law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument may appear to be due. The complaint now made is that the judgment was entered for $362.31 instead of $862.31, the amount of the original indebtedness. The contention is that the act of assembly must be strictly construed and

that authority to confess judgment related solely to the sum named on the face of the obligation. It will be observed, however, that the authority is not to confess judgment for the original debt, but for "the amount which, from the face of the instrument, may appear to be due." The legislature undoubtedly took cognizance of the fact that credits are frequently entered on such obligations as a result of which the amount of the original indebtedness is reduced, and authority is therefore given to enter judgment not for the debt as originally contracted, but for that which appears to be due when the obligation is presented to the prothonotary. When the holder of such an obligation or his attorney produces the evidence of the indebtedness and admits by endorsement a credit on the obligation, such endorsement must be taken into account in ascertaining the amount which may appear to be due. The instrument itself clearly shows in such case what the defendant's liability is and it is this certainty of liability which, under the statute, enables the prothonotary to record a judgment. The cases relied on by the plaintiff rest on a very different state of facts from that presented in the record here. In each of them a calculation of the indebtedness was necessary which could only be made by reference to facts not appearing on the obligation. As the statute is clear with respect to the instruments on which judgments can be confessed, it is manifest that it gives no authority to an officer of the court to act as an arbitrator and hear evidence and reach a conclusion on facts not appearing in the instrument. The prothonotary's power is not as extensive as is that of an attorney-at-law, who exercises the authority given by warrant of attorney. The former can only proceed under the statute and is restricted by the authority there given. But we think it not doubtful that where authority is given to confess judgment for the amount appearing to be due on the face of the instrument, there is implied therein authority to enter judgment for a less amount than the original in-

84, (1923).]                    Opinion of the Court.

debtedness where that is reduced by credits appearing on the instrument. We therefore sustain the decree of the court below. The appeal is dismissed at the cost of the appellant.