First Mortgage Guarantee Company of Phila. *v.* Powell, Appellant.

100

Argued October 10, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*George Cascaden,* for appellant.—The attorney's fee for collection in mortgages is rather in the nature of a penalty than of liquidated damages and belongs to the plaintiff as part of his judgment: Galligan v. Heath, 260 Pa. 457; Harper v. Consolidated Rubber Co., 284 Pa. 444; Miller v. Miller, 147 Pa. 548.

*M. Jacob Markman,* for appellee.—The Legislative intent was to confer on the plaintiff the power of entering judgment from a judgment bond, without the interposition of an attorney, and in such case to exempt the obligor from the payment of fees to an attorney: Helvete v. Rapp, 7 S. & R. 306; McAllister's Appeal, 59 Pa. 204.

OPINION BY LINN, J., January 29, 1930:

After execution issued on a judgment entered by the prothonotary pursuant to Section 28 of the Act of 1806, 4 Sm. L. 278, on a bond accompanying a mort-

gage, appellant obtained leave to pay into court $350, (5% of the principal claimed) as attorney's fee in the foreclosure proceeding. Such leave was granted "on condition that the defendant [appellant] pay to plaintiff forthwith the debt with interest and proper costs, plaintiff to satisfy the said motion [mortgage?] of record and a rule is granted on and upon plaintiff to show his right in the premises to the said sum of $350 or any part thereof." To that petition and rule plaintiff filed an answer. A hearing was had, apparently on petition, answer and inspection of the record of the foreclosure proceedings. The court, being of opinion "that upon the admitted facts an allowance of $250 for the services of counsel was equitable ......," made the following order which is now assigned for error by the defendant who appeals: "Rule absolute, that of the money paid into court, $250 shall be paid to plaintiff and the remainder to defendant, this to be done within 10 days."

As our attention has not been called to anything in the record that would permit us, under the rule applied in such cases, to differ from the court below as to the amount ($250) allowed to the plaintiff for the services of his attorney rendered during the foreclosure proceedings, we come at once to the point stressed on behalf of appellant in the argument.

His bond and warrant authorized the confession of judgment not only for the principal sum (cf. Keech Co. v. O'Herron, 41 Pa. Superior Ct. 108, 110) but also for "an attorney's commission of five per cent in case payment has to be enforced by process of law ......" His contention is that because judgment was entered under the Act of 1806, he is relieved from complying with so much of his contract as obligated him to pay the attorney's fee specified; or to state it differently, that the statute "...... evidently adopted to enable a creditor to obtain a judgment on an obligation for

the payment of money without the expense of the intervention of an attorney'' (Meyers v. Freiling, 81 Pa. Superior Ct. 116, 118) deprives a creditor of the benefit of what has long been held to be a bargain that he can properly make (Daly v. Maitland, 88 Pa. 384, 386). Section 28 of the Act of 1806 authorizes the prothonotary on the application of any holder or assignee of any bond in which judgment is confessed, or containing a warrant for an attorney-at-law or other person to confess judgment, to enter the same for the amount which from the face of the instrument may be due without the agency of an attorney or declaration for a fee of one dollar to be paid by defendant, etc., ''and the defendant shall not be compelled to pay any costs or fee to the plaintiff's attorney when judgment is entered on any instrument of writing as aforesaid.''

There is no merit in appellant's contention. When one agrees to pay such attorney's fee, the amount (which must of course be ascertainable from the face of the instrument, if judgment be entered by the prothonotary: Connay v. Halstead, 73 Pa. 354, 357; Morel v. Morel, 81 Pa. Superior Ct. 84) becomes part of the judgment; ''...... attorney's commissions stipulated for in a warrant of attorney accompanying a bond, or in a mortgage are not costs,—they are part of the judgment and belong to the plaintiff'': Harper v. Rubber Co., 284 Pa. 444, 448. The purpose of the provision of the Act of 1806 that in the circumstances specified a defendant shall not be compelled to pay any costs or fee to the plaintiff's attorney, was to relieve defendant from paying the so-called docket fee otherwise payable to plaintiff's attorney, as an officer of the court, pursuant to the fee bill: see Sec. 2, Act of February 22, 1821, 7 Sm. L. 367 (cf. Pittsburgh v. O'Brien, 239 Pa. 60) and section 9 of the Act of April 2, 1868, P. L. 11. In Helvete v. Rapp, 7 S. & R. 306, it was said: ''The extent and sole intention of the

Legislature, in conferring the power of entering a judgment on the judgment bond without the intervention of an attorney, was to except the obligor from the payment of costs to the attorney.''

For an example of the treatment of an attorney's fee as costs, see The Orphans' Court Partition Act of June 7, 1917, P. L. 337, which provides for the payment of a reasonable counsel fee to be taxed by the court as part of the costs: Coopers Estate, — Pa. Superior Ct. — (12 Unoff. Adv. 310, 311); Building Assn. v. Bank, 142 Pa. 121.

Judgment affirmed.