Better Bilt Door Co., Appellant, *v.* Oates.

466

Argued September 28, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Leon S. Forman,* with him *Wexler & Weisman,* for appellant.

*William N. J. McGinniss,* did not appear nor file a brief for appellee.

OPINION BY HIRT, J., November 15, 1949:

On December 29, 1948, plaintiff, Better Bilt Door Co., by its attorneys, filed with the prothonotary a judgment note, signed by defendant, dated August 26, 1939, payable to the plaintiff on demand in the sum of $523.65. By its terms the defendant authorized any attorney of any court of record, after maturity of the note, to confess judgment, in favor of the holder "for such amount as may appear to be unpaid thereon". On application, the prothonotary entered judgment on the note by confession on authority conferred by the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28, 12 PS §739.

With the note, plaintiff's attorneys filed with the prothonotary an "Averment of Default" to the effect that demand for payment of the note had been made on October 30, 1939, "by reason of which the entire unpaid amount due and owing upon said note, to wit, $449.33 has become immediately due and payable, together with interest in the sum of $242.63 and 15% of the amount unpaid upon said note for collection and attorneys' fees, or $67.39, making a total of $759.35". On entering their appearance, the attorneys also assessed damages in the total sum of $759.35.

Plaintiff's attorneys, under the warrant of the note, might have appeared for the defendant also and confessed judgment against him in an amount in excess of the face of the note by adding interest from a date on which demand allegedly was made prior to the date of

the judgment. This however was not done. The note was delivered to the prothonotary for the entry of judgment by him under the 1806 Act. The prothonotary therefore properly ignored plaintiff's averment of default and assessment of damages and, as appears in the supplemental record submitted to us, entered judgment for $523.65, the face of the note, and not for the larger amount claimed by plaintiff's attorneys. It is settled law under the 1806 Act that "if the amount due is not stated in the instrument and cannot be ascertained by calculation from information which it itself furnishes, the prothonotary is not vested by the act with either the duty or the power to enter judgment": *Noonan, Inc., v. Hoff,* 350 Pa. 295, 38 A. 2d 53. Justification for the entry of a judgment by confession must be found in the terms of the instrument itself, which contains the authority, and, when exercised by a prothonotary acting under the 1806 Act, may not be extended beyond the definite power which the law confers. *Meyers & Joly v. Freiling,* 81 Pa. Superior Ct. 116.

On the mistaken assumption that the prothonotary actually entered judgment for $759.35, claimed to be due by the plaintiff, the lower court on defendant's motion found the above principles applicable and struck off the judgment. In so doing the court was right on the law but wrong on the facts. The order must be reversed and the judgment reinstated to the extent of $449.33, the face of the note less payments on the principal which plaintiff, in its averment of default, concedes to have been made. In entering judgment by confession, credits noted on the instrument must be taken into account by the prothonotary in ascertaining the amount which may appear to be due. *Morel v. Morel,* 81 Pa. Superior Ct. 84. So also, although the prothonotary properly entered judgment for the amount, which, from the face of the instrument appeared to be due, yet we must reduce the judgment so entered by the amount of admitted credits.

Plaintiff is not entitled to interest on the face of the note, except from the date of the judgment on the reduced amount. The note here was payable on demand, and according to its terms bore interest only on the amount unpaid "from the due date thereof". The note on its face did not become due until demand for its payment was made. A demand note is not in default immediately upon execution and delivery, but only after demand for payment has been made. *Heimpel et ux. v. First Nat. Bk. & Tr. Co.,* 337 Pa. 425, 12 A. 2d 28. Entry of judgment on a demand note is a sufficient demand; (*First Nat. Bank v. Bartlett,* 35 Pa. Superior Ct. 593) and an inspection of the note in this case does not disclose a due date earlier than December 29, 1948, the date when demand for its payment was made by entry of judgment. Therefore since the note by its terms bore interest only from maturity, plaintiff is entitled to interest only from the date of the judgment and not otherwise. Interest on a note payable on demand runs only from the time demand is made or if no demand is made, then from the time of commencement of action. *Ayoob v. Wm. Penn Trust Co.,* 132 Pa. Superior Ct. 496, 1 A. 2d 580; 69 A. L. R. 958.

Moreover plaintiff is not entitled to have a 15% attorney's commissions incorporated into the judgment, as claimed. In the note the defendant agreed to pay "a reasonable attorney fee" if placed for collection. One of the purposes of the 1806 Act was to exempt an obligor from the payment of an attorney fee. *Noonan, Inc., v. Hoff,* supra. Though a prothonotary under that Act has the authority to include in the judgment an attorney fee, such fee may be included only in an amount which the instrument on its face provides. *1st Mort. Guar. Co. v. Powell,* 98 Pa. Superior Ct. 99. The prothonotary is without authority to fix such fee in an amount which he considers to be reasonable or to find any other facts than those appearing on the face of the instrument.

"As the statute is clear with respect to the instruments on which judgments can be confessed, it is manifest that it gives no authority to an officer of the court to act as an arbitrator and hear evidence and reach a conclusion on facts not appearing in the instrument": *Morel v. Morel,* supra.

The order is reversed; the judgment is reinstated in the amount of $449.33, with interest from December 29, 1948.