## Pennsylvania Company for Banking and Trusts v. Ernst et ux.

574

*Frank R. Hean*, for plaintiff.

*Lewis S. Kunkel*, for defendants.

SMITH, J., December 5, 1949.—This is a rule to strike off a judgment entered by confession. It comes before us on petition and answer. The original instrument is filed of record. It is a note dated August 20, 1948. Therein defendants jointly and severally promised to pay to the order of Stoaco Sales Co. at The Pennsylvania Company for Banking and Trusts, Philadelphia, Pa., $495.60 in 36 monthly installments as follows: "The first payment on the 5th day of October, 1948 in the sum of $13.76, and equal payments on the same day of each month thereafter, except that the last installment shall be in an amount equal to the balance then remaining unpaid."

The note further provided: "I (we) agree that in case of my (our) failure to pay any installment when and where due, then the legal holder may declare the full amount of this note then remaining unpaid, immediately due and payable, and proceed to collect the same. I (we) do hereby empower any attorney of any court of record within the United States, or elsewhere, if this note is not paid at maturity to appear for me (us), and with or without declaration filed, confess judgment against me (us) and in favor of the holder hereof, for such sum as may appear to be unpaid hereon after maturity, with costs of suit and attorney's commission of fifteen per cent for collection, . . . Each

maker and each endorser hereby waives presentment, demand, protest, and notice of protest and non-payment. WITHOUT DEFALCATION." This note was specially endorsed by the payee to The Pennsylvania Company for Banking and Trusts, plaintiff herein.

On the back of the note there also appears the following:

| "Amount of loan | | $495.60 |
|---|---|---|
| 10/27/48 | 13.76 | |
| 11/26/48 | 13.74 | |
| 1/3/49 | 13.74 | |
| 1/27/49 | 13.74 | |
| 2/23/49 | 13.76 | |
| 3/21/49 | 13.76 | |
| | Bal. $413.10". | |

On April 8, 1949, by direction of plaintiff's attorney, the prothonotary entered judgment against defendants for $413.10, the amount alleged to be due on the note after deducting the credits appearing on the back thereof, with interest, costs and 15 percent for collection. No averment or affidavit of default was filed. However, the partial payments endorsed on the back of the note indicated that, when the judgment was entered, defendants had defaulted in the monthly installment due April 5, 1949.

Thereupon defendants, reserving the right to thereafter file a petition to open the judgment and interpose a defense on the merits, moved to strike off the judgment averring that it had been "irregularly and improvidently entered" for the several reasons hereinafter specifically considered.

Defendants contend first "that the note upon which judgment was entered contains no sufficient warrant of attorney which authorized the entry of judgment on April 8, 1949".

Under the terms of the note in question, defendants agreed that, upon failure to comply with the provisions

thereof, any attorney of any court of record was authorized to confess judgment against them "for such sum as may appear to be unpaid hereon after maturity".

"Maturity" is defined in Bouvier's Law Dictionary, vol. 2, third revision, 1914, p. 2122, as "the time when a bill or a note becomes due". The note we are considering matured in 36 months, if payments were made as required. However, in the event of the failure to meet any of the payments when due, the remaining balance became due and the note then matured. The note lost none of its attributes as a negotiable instrument because its due date was accelerated by defaults of payment: Home Credit Company v. Preston, 99 Pa. Superior Ct. 457.

Further, as said in Drey St. M. Co., for use, v. Nevling, 106 Pa. Superior Ct. 42: "The clause of acceleration in the event of failure to pay installments as due was legal, and authorized the confession of judgment for the entire amount (citing authorities). The filing of the note with the prothonotary evidenced the holder's election to take advantage of the acceleration clause."

The warrant was not directed to the prothonotary. The praecipe to enter the judgment was signed by counsel for plaintiff. However, it is well settled that the prothonotary had the power to enter the judgment, provided his act in so doing came within the authority granted to him under the Act of 1806: Dalton v. Willingmyre, 60 Pa. Superior Ct. 225, 229, and the authorities there cited.

In view of the foregoing, we find that the instant note did contain a sufficient warrant of attorney authorizing the confession of the judgment in question on April 8, 1949, if defendants had then breached the terms thereof. However, whether the prothonotary had the power to enter the judgment under the Act of 1806 remains to be determined.

Defendants next contend "that the record does not contain any averment or affidavit of default on the part of these defendants which would justify the entry of this judgment".

The judgment was entered under the authority conferred by section 28 of the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, 12 PS §739. This act makes it the duty of the prothonotary "on the application of any person, being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person, to confess judgment, to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed".

Defendants' contention on this phase of the case raises two questions. Could the prothonotary from the face of the instrument determine, first, the existence of a default whereby the note had matured and thereby became past due, and second, the amount then due the holder? If he could, the judgment was regular on its face and, as appears from the authorities hereinafter cited, cannot be impeached on a rule to strike off.

The question of the validity of judgments by confession under the Act of 1806 has been considered by the courts in many cases and from many angles. There are some seeming inconsistencies in the decisions insofar as they relate to the necessity for the filing of an averment or affidavit of default. However, all the cases uniformly hold that the Act of 1806 does not confer on the prothonotary all the powers of an attorney-at-law to confess a judgment, but only authorizes him to enter a judgment for the amount which, upon the face of the instrument, may appear to be due, or where the sum

can be ascertained by calculation from information furnished by the face of the writing.[1]

In the instant case, could the prothonotary determine or ascertain solely from the face of the note, and without reference to the praecipe filed by plaintiff's attorney, the amount alleged to be due? We think he could. The judgment was entered for the amount of the original indebtedness less the credits endorsed on the back of the note. This was a mere matter of calculation which the prothonotary was authorized to make. His authority under the Act of 1806 was not to confess judgment for the original debt but for "the amount which from the face of the instrument may appear to be due". It was held in Morel v. Morel, 81 Pa. Superior Ct. 84, 86, that "where authority is given to confess judgment for the amount appearing to be due on the face of the instrument, there is implied therein authority to enter judgment for a less amount than the original indebtedness where that is reduced by credits appearing on the instrument". See also Whitney v. Hopkins, 135 Pa. 246. Accordingly, when plaintiff's attorney produced the note and admitted payments on account by endorsements thereon, such endorsements were required to be taken into account by the prothonotary in ascertaining the amount which then appeared to be due: Morel v. Morel, supra.

With respect to the necessity for the filing of an averment or affidavit of default, upon analysis and study, the seeming inconsistencies in the decisions now appear to have resolved themselves into a consistent

---

[1] Connay v. Halstead, 73 Pa. 354; Whitney v. Hopkins, 135 Pa. 246; Schwartz v. Sher, 299 Pa. 423; Lansdowne Bank & Trust Co. et al. v. Robinson et al., 303 Pa. 58; Noonan, Inc., v. Hoff, 350 Pa. 295; Morel v. Morel, 81 Pa. Superior Ct. 84; Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116; Automobile Banking Corporation v. Duffy-Mullen Motor Company, 85 Pa. Superior Ct. 296; Orner v. Hurwitch et al., 97 Pa. Superior Ct. 263; Drey St. M. Co., for use v. Nevling, 106 Pa. Superior Ct. 42.

pattern. Thus, in the recent appellate court cases considering this question, we find that, when judgments entered under the Act of 1806 were stricken off, it was solely because on the face of the record, that is from the face of the instrument filed, no default was apparent. Accordingly, as said in Kolf v. Lieberman et al., 282 Pa. 479, 482, "Under these circumstances it was necessary, before a valid judgment could be entered, to file an averment stating in what respects a default had occurred". Other cases invoking and applying the same principle on the authority of the Kolf case are cited in a footnote.[2]

The case of P. Minnig Co. v. Carter, 113 Pa. Superior Ct. 231, where a judgment entered on a demand promissory note containing a warrant of attorney with an added stipulation "not to be entered except in default of payment" was stricken off because no averment of demand or default in payment had been filed, in our opinion, is readily distinguishable from the instant case and does not control it. This clearly appears from the opinion of the Superior Court wherein it was said, at page 232:

"Without the added stipulation, the note would properly have been entered, for the entry of the judgment itself is a demand: First National Bank of Sayre v. Bartlett, 35 Pa. Superior Ct. 593. . . . The court below in its opinion clearly stated the situation in the following language: 'The entry of the judgment can not be regarded both as a demand and also as an averment of default of payment after demand, for the de-

---

[2] Jordan v. Kirschner, 94 Pa. Superior Ct. 252; Advance-Rumely Thresher Co., Inc., v. Frederick, 98 Pa. Superior Ct. 560; Hogsett et al. v. Lutrario, 140 Pa. Superior Ct. 419. All of these cases involved leases either for real or personal property which were filed of record. However, nothing appeared on the face of any lease from which the prothonotary could find that the lessee therein was in default. Therefore, an averment or affidavit of default was required to support the judgment.

fault would then occur after the entry of the judgment and the note, according to its terms, authorizes entry of judgment after and not before such default. We are of the opinion, therefore, from a fair construction of the note, that a prior demand is essential and judgment may be entered thereafter only in the event of non-payment and that both demand and nonpayment thereafter, must be averred to entitle plaintiffs to a valid judgment: Kolf v. Lieberman, 282 Pa. 479'."

However, an averment or affidavit of default that a judgment note had not been paid at maturity is not a prerequisite to the entry of judgment thereon by the prothonotary where from the face of the instrument it appears that it is past due and is presented by the person in possession of the note to whom it has been specially endorsed: Dime Bank and Trust Company of Pittston v. O'Boyle et al., 334 Pa. 500.

We are of the opinion that the instant case is ruled by the principle enunciated in Whitney v. Hopkins, 135 Pa. 246, followed and quoted extensively in Drey St. M. Co., for use, v. Nevling, 106 Pa. Superior Ct. 42. In the Whitney case, judgment was entered by the prothonotary on a contract filed with him dated April 8, 1884, by which plaintiff sold to defendant a farm for $4,500'. This amount was to be paid in yearly installments with interest annually on the whole sum unpaid. The contract contained a confession of judgment in these words: "The said party of the second part, in case default be made for the space of three months in all or any of the above payments, does hereby confess judgment to the said party of the first part, his heirs or assigns, for the whole amount unpaid on the above agreement". On the back of the contract were the following endorsements: "April 1, 1885, paid $275; April 1, 1886, paid $520; April 2, 1888, $305." There was no endorsement for either 1887 or 1889, and neither that for 1886, nor that for 1888, was for the

whole amount of the payment then falling due. The judgment was entered on June 1, 1889, for the balance due as shown on the contract. No averment or affidavit of default was filed. Defendant moved to strike off the judgment. In affirming the action of the lower court in discharging the rule, the Supreme Court said, at pages 254-255:

"When this contract was presented to the prothonotary, two questions were suggested for his consideration. The first grew out of the terms of the confession. Had the maker made default in any payment for the space of three months? The second arose from the words of the act of 1806. Could the amount due be ascertained from the face of the instrument? If both questions could be answered affirmatively, the judgment could be entered. If either could not be so answered, the prothonotary had no power in the premises. The possession of an instrument in writing for the payment of money affords proof, prima facie, of a right in the holder to recover upon it according to its terms. The holder is not required to prove that it has not been paid. His case is made by the production of the instrument in the first instance, and the burden of showing payment is on him who alleges it. Whether the instrument be a note, a bond, or a contract, like that on which this judgment was entered, the rules of evidence are the same. The instrument makes for the holder a case, prima facie, on which he could recover before a jury, or have a judgment entered by virtue of the power of attorney. Both the default and the amount due were ascertainable in the first instance from the face of the instrument. If payments had been made that did not appear on the paper, so that there was in fact no default, the court would on application hear the defendant's proofs, and strike off the judgment; but, until the prima facies of the instrument is overcome by proof,

the judgment must stand.[3] . . . The instrument was within the act of 1806, and upon its face it was practicable for the prothonotary to determine the existence of a default, and the amount due to the holder. The judgment was rightly entered, and the rule to strike it off was rightly refused."

Could the prothonotary from the face of the instant note determine that it was past due? We think that he could. The credits endorsed on the back of the note showed that the monthly installment due April 5, 1949, was unpaid. Under the terms of the note, the entire balance immediately became due. Here was a default prior to the entry of judgment. The note had matured. The filing of the note with the prothonotary evidenced the holder's election to take advantage of the acceleration clause. It was in the possession of plaintiff to whom it had been specially endorsed. Therefore, under the authorities hereinbefore cited, prima facie, there was owing by defendants to plaintiff the balance shown to be due after crediting the payments listed on the back of the note.

For these reasons, we hold that the prothonotary had the power to enter the judgment without the filing of any averment or affidavit of default.

Defendants' final contention is "that the endorsements on the back of the note as entered indicate affirmatively that there was no default at the time of the entry of judgment, since all previous payments were irregularly made by the defendants and accepted by the plaintiff, the last payment having been made on March 21, 1949".

Defendants argue that this course of conduct constituted a waiver on the part of plaintiff to declare the

---

[3] Such proof can only be offered on a rule to open the judgment. And this because no facts dehors the record will justify a court in setting aside or striking off a judgment regular on its face: Johnson v. Royal Insurance Company of Liverpool, 218 Pa. 423.

full amount of the note remaining unpaid immediately due and payable. A waiver is an intentional relinquishment of a known right: 56 Am. Jur. Waiver, section 2, page 102. However, we cannot decide this question on the record before us as testimony will be required to support it. It must be raised and decided on a rule to open the judgment. On such rule defendants can also question the amount of the judgment or establish any other facts tending to show that it was improperly entered. All that we are deciding in this proceeding is that the judgment as entered is regular on its face and therefore cannot be stricken off.

And now, December 5, 1949, the rule to show cause why the judgment should not be stricken off is discharged.

Neely, J., did not participate in the deliberation of this case.