## R. Krevolin & Co., Inc. *v.* Tharp, Appellant.

Argued March 30, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*I. Finkelstein,* with him *Herman Blumenthal,* for appellants.

*Thomas F. Devine,* with him *Robert K. Greenfield* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellee.

OPINION BY ERVIN, J., July 21, 1955:

This is an appeal from the refusal of the court below to strike off a judgment entered by the prothonotary on an instrument containing a warrant of attorney to confess judgment.

Judgment was entered against defendants in the amount of $4,950.00 on April 8, 1954, pursuant to a warrant of attorney contained in a judgment note. The judgment note contains an unconditional promise to pay to the order of plaintiff the sum of $4,950.00. It authorizes the prothonotary to enter judgment against defendants "for the above sum or at the option of said clerk, prothonotary or attorney for 20 per cent of said sum as liquidated damages. . . ." Appellants contend the prothonotary did not have the power to enter a valid judgment by confession on a warrant of attorney which authorizes the prothonotary arbitrarily at his option, to enter one of two alternative judgments because the prothonotary would be required to go out-

side the record in order to determine the amount which may appear to be due.

The power of the prothonotary to confess judgment is derived from the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28, 12 PS §739, which reads as follows: "It shall be the duty of the prothonotary of any court of record, within this commonwealth, on the application of any person, being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person, to confess judgment, to enter judgment against the person or persons who executed the same, for the amount which from the face of the instrument may appear to be due. . . ."

An authority to confess judgment must be clear and explicit. *Solazo v. Boyle,* 365 Pa. 586, 76 A. 2d 179; *Griffin Oil Company v. Toms,* 170 Pa. Superior Ct. 203, 85 A. 2d 595. Also, the judgment must be entered for a sum, which, from the face of the instrument, appears to be due.[1] As stated by Judge HIRT in *Better Bilt Door Co. v. Oates,* 165 Pa. Superior Ct. 465, 468, 69 A. 2d 425: "It is settled law under the 1806 Act that 'if the amount due is not stated in the instrument and cannot be ascertained by calculation from information which it itself furnishes, the prothonotary is not vested by the act with either the duty or the power to enter judgment': Noonan, Inc. v. Hoff, 350 Pa. 295, 38 A. 2d 53. Justification for the entry of a judgment by confession must be found in the terms of the instrument itself, which contains the authority, and, when exercised by a prothonotary acting under the 1806 Act, may not be extended beyond the definite

---

[1] See Note—Confessions of Judgment—102 University of Pennsylvania Law Review 528.

power which the law confers. Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116."

In the instant case the prothonotary was not required to consider matters outside the record in order to ascertain the amount of the judgment to be confessed and was clearly given the unconditional power to enter judgment for the face amount of the note. The power of the prothonotary to enter judgment for 20% of the face amount as liquidated damages was also unconditional; its exercise was not dependent upon any predetermination of extraneous facts. Moreover, where the prothonotary has the right to enter judgment for the full amount of a note it has been held to be within his authority to enter judgment for a lesser sum. *Dalton v. Willingmyre*, 60 Pa. Superior Ct. 225. In *Morel v. Morel*, 81 Pa. Superior Ct. 84, 86, it was stated: ". . . where authority is given to confess judgment for the amount appearing to be due on the face of the instrument, there is implied therein authority to enter judgment for a less amount than the original indebtedness where that is reduced by credits appearing on the instrument."

It is thus readily apparent that in the instant case the prothonotary would have had the power to confess judgment for any amount less than the face amount if the judgment note contained a warrant to confess judgment in the face amount of $4,950.00 and no alternative provision was included therein. However, as stated in the learned opinion of the court below: "What the parties here chose to do was to limit the right to have judgment entered in *any* amount up to the face thereof. Instead, judgment may be entered either for the face amount or for 20% thereof, and for no other sum. The addition of the express authority to enter judgment for 20% of the face amount of the note has in effect taken away the right to enter

judgment for any other sum less than $4950, but it has not impaired the basic validity of the power to confess judgment." The provision in the judgment note stipulating that judgment may be entered at the option of the prothonotary for a specified percentage of the face amount shown thereon merely fixes the amount for which judgment may be entered at less than the face amount but does not preclude the entering of judgment for the face amount by the prothonotary acting under the power conferred by the Act of February 24, 1806, supra.

Order affirmed at appellants' costs.