### Philadelphia Gas Heating Co., Appellant, *v.* Sanders.

Argued March 26, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Daniel Marcu,* with him *Howard Saul Marcu,* for appellant.

*Mervin J. Hartman,* with him *Busser & Bendiner,* for appellees.

OPINION BY WOODSIDE, J., July 17, 1956:

This is an appeal from an order opening a judgment confessed by the prothonotary on a warrant of attorney contained in a note.

Webster Sanders and Aner Sanders his wife, signed a contract with the Philadelphia Gas Heating Co. for the installation of heating equipment in their home. The contract price was $820.80 of which amount $400 was

to be paid upon delivery of the equipment and the balance over a period of 36 months. A blank judgment note was signed by the Sanders as security for the performance of the contract by them.

Before the heating company had attempted to install the equipment the Sanders notified it that Mr. Sanders had lost his job and that they desired to cancel the contract. The heating company thereupon had judgment entered by the prothonotary on the note in which it had inserted the contract price of $820.80. It directed the prothonotary to deduct a credit of $426.65 and add, as provided in the note, a 15% attorney's collection fee of $56.71 making a total of $450.86 for which amount the judgment was entered.

The Sanders then petitioned to both open and strike off the judgment. The appellant filed an answer. The lower court opened, but did not strike, the judgment stating as follows:

"The defendants' counsel, at the time of argument of this matter, elected to proceed on petition and answer without taking depositions. We must therefore accept the facts properly set forth in the plaintiff-respondent's answer: Pa. R. C. P. 209; Adelman v. Mc-Shain, Inc., 148 Pa. Superior Ct. 138 (1942). Despite the fact that the answer purports to set forth the calculation of damages, we are of the opinion that neither the judgment note itself or the contract between the parties confers upon the plaintiff the power, right or authority to make a unilateral assertion as to the extent of its damages. There is nothing in the contract or the judgment note which supports or authorizes a unilateral liquidation by plaintiff of damages for loss of profits. In the absence of an enforcible liquidation of damages clause the defendants are entitled to have such damages fixed by a jury.

• • •

"In the plaintiff's answer there is set forth an item of $96.60 'to be paid' to plaintiff's salesman. Such item of damage is not due and payable to plaintiff unless the plaintiff in regular course of business is legally obligated to pay his salesman regardless of the fact that there has been a default in performance of the contract.

"Although we are of the opinion that it would have been better procedure for the defendants to have taken depositions in this matter, the Court was unwilling to countenance a default judgment in the circumstances of this case. The defendants submitted a brief herein principally devoted to the theory that the judgment should be stricken which theory we deemed to be without merit . . . From our examination of the record we concluded that unnecessary delay and expense could be avoided by immediately opening the judgment so that issue could be joined."

An application to open a confessed judgment is addressed to the sound discretion of the court, which in the exercise thereof, is governed by equitable principles. On appeal the order of the court below will not be reversed except for a clear abuse of discretion. *Poelcher v. Poelcher*, 366 Pa. 3, 76 A. 2d 656 (1950) ; *Berkowitz v. Kass*, 351 Pa. 263, 264, 40 A. 2d 691 (1945).

There was no abuse of discretion in opening this judgment. What the plaintiff did here was to enter judgment for damages which were not liquidated in the contract but which it liquidated merely by the means of showing a credit on the judgment note. This it cannot do. See *Friel Bernheim Company v. King*, 85 D. &. C. 449 (Montg. County 1952).

As the materials contracted for were never delivered, the entire amount of the note was never due the plaintiff. Nothing was due the plaintiff except unliquidated damages. Judgment was entered by the pro-

thonotary for the unliquidated damages which could not be ascertained from the face of the note.

The judgment was in actuality not entered for the face amount of the note less a credit. The sum for which judgment was entered was ascertained by the plaintiff adding together the items which it considered its damages, subtracting that sum from the face amount of the contract and then using the figure thus obtained as a "credit". In other words, the amount of the judgment was determined first, and from it the "credit" was determined.

This case is thus quite different from, and should not be confused with, the cases where a credit is given for payments, thereby reducing the judgment below the face amount of the note. The prothonotary may enter a judgment for a sum determined by subtracting the amount of payments as a credit from the face amount of the note. *Morel v. Morel,* 81 Pa. Superior Ct. 84 (1923); *Dalton v. Willingmyre,* 60 Pa. Superior Ct. 225 (1915).

Nor should this case be confused with the cases where the note authorizes the confession of judgment for liquidated damages in a definite percentage of the face amount of the note. *R. Krevolin & Co. v. Tharp,* 178 Pa. Superior Ct. 236, 115 A. 2d 856 (1955).

When the *amount* of damages for failure to comply with the terms of the contract is not ascertainable from the contract itself the prothonotary lacks power to determine the amount of the damages, just as he lacks power to determine the amount of counsel fees where it was not specified in the warrant. *Better Bilt Door Co. v. Oates,* 165 Pa. Superior Ct. 465, 469, 69 A. 2d 425 (1949).

Furthermore, a confession of judgment should not be permitted to stand for a sum in excess of half the

contract price where the record shows that the materials contracted for were never delivered. See *Atlas Building Corp. v. Walker*, 79 D. & C. 343 (1951).

As the court below correctly observed, it would have been better for depositions to have been taken, but under all the circumstances of this case we find no abuse of discretion in the opening of the judgment.

Order affirmed.