Cam Vending Service *v.* Kessler et ux.,
Appellants.

Argued September 15, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Philip Shuchman,* for appellants.

*Joseph R. Siegert,* with him *Eugene John Lewis,* for appellee.

OPINION BY FLOOD, J., November 12, 1964:

The appellant questions the authority of the prothonotary to enter judgment by confession on a note under the Act of February 24, 1806, P. L. 334, as amended by the Act of June 10, 1957, P. L. 281, 12 PS §739, for less than the amount appearing to be due on the face of the instrument. The only evidence of the credit appeared in an "Order for entry of judgment and assessment of damages" filed by the plaintiff with the note.

The Act of 1806 literally authorizes the prothonotary to confess judgment only "for the amount which from the face of the instrument may appear to be due," and it has been held the act must be strictly construed since the entry of judgment by confession under the act is in derogation of the common law. *Sterling Electrical and Furniture Company v. Mitchell,* 179 Pa. Superior Ct. 517, 118 A. 2d 280 (1955). Yet a common sense view of the act has created exceptions to the literal construction which have been approved in a number of cases where judgment has been entered for less than the amount which appears due upon the face of the instrument.

The plaintiff relies upon statements in various opinions that the prothonotary cannot resort to evidence outside the writing to determine the amount due. See *Lansdowne Bank and Trust Company v. Robinson,* 303 Pa. 58, 62, 154 A. 17, 18 (1931). The cases he cites, however, relate to situations where the face of the instrument neither stated the sum for which judgment might be entered nor facts from which that sum could be calculated by the prothonotary. None of them precludes the entry of judgment where the amount for which judgment is authorized clearly appears upon, or is determinable from, the face of the instrument but the holder, giving credit for payments on account, seeks judgment in a lesser sum.

In *R. Krevolin & Co., Inc. v. Tharp,* 178 Pa. Superior Ct. 236, 115 A. 2d 856 (1955), we said: "Moreover, where the prothonotary has the right to enter judgment for the full amount of a note, it has been held to be within his authority to enter judgment for a lesser sum . . . It is thus readily apparent that in the instant case the prothonotary would have had the power to confess judgment for any amount less than the face amount if the judgment note contained a warrant to confess judgment in the face amount of $4,-950.00 and no alternative provision was included therein . . . ." And in *Morel v. Morel,* 81 Pa. Superior Ct. 84, 86 (1923), it was stated that "there is implied therein authority to enter judgment for a less amount than the original indebtedness where that is reduced by credits appearing on the instrument." In the *Morel* case the credits apparently were endorsed, as usual, on the back of the instrument, not on its face. This does not fit the literal reading of the act any more than does a credit given in a separate assessment of damages filed.

In *Dalton v. Willingmyre,* 60 Pa. Superior Ct. 225 (1915), judgment was entered by the prothonotary on an installment obligation under an acceleration clause for $323.57. The full price recited in the note was $1500, and the smaller amount for which judgment was entered appeared only in the praecipe.

Referring to the *Morel* and *Dalton* cases, supra, Judge WOODSIDE said in *Philadelphia Gas Heating Co. v. Sanders,* 181 Pa. Superior Ct. 510, 514, 124 A. 2d 435, 437 (1956): "The prothonotary may enter a judgment for a sum determined by subtracting the amount of payments as a credit from the face amount of the note."

The slight error in the calculation of the interest is in the nature of a clerical error which may be otherwise rectified. It is not a proper ground for striking

the judgment. See *Harr v. Furman,* 346 Pa. 138, 142, 143, 29 A. 2d 527, 529, 530 (1943).

Order affirmed.