Joseph William O'Brien and Elizabeth M. O'Brien, Appellants *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Appellee.

Argued May 5, 1982, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Robert J. Stock,* for appellants.

*Roger T. Margolis,* Assistant Counsel, for appellee.

OPINION BY JUDGE CRAIG, July 2, 1982:

This is an appeal from an order of the Court of Common Pleas of Butler County, dismissing appellant O'Briens'[1] petition to show cause why the Department of Public Welfare (DPW) should not satisfy a judgment it had entered against the O'Briens as public assistance recipients.

Before receiving public assistance, the O'Briens entered into a reimbursement agreement with DPW[2] dated March 6, 1974, which allowed DPW to enter judgment against the O'Briens for $2,000, plus costs, for public assistance "granted or to be granted. . . ." The agreement contained no terms dealing with interest, and on April 29, 1974, DPW entered and filed the judgment agreement of record. Later the O'Briens offered to pay the judgment to remove its lien, and on January 23, 1981, DPW responded that the judgment would be satisfied upon payment, within ninety days, of $9,380.10, representing the total assistance received plus costs. Thereafter, the O'Briens paid DPW $2,012.40, the amount stated in the reimbursement agreement, plus costs. Although DPW then conceded that it was not entitled to reimbursement beyond the amount stated in the agreement, it refused to satisfy the judgment until the O'Briens should pay interest, calculated at 6% per annum from the date judgment was entered.[3]

---

[1] Joseph William O'Brien and Elizabeth M. O'Brien.

[2] Form PA-9.

[3] DPW seeks interest amounting to $820 calculated at six percent per annum pursuant to 41 P.S. §201, which provides that where no interest term is specified in a written agreement, a maximum lawful interest rate shall be six percent per annum.

DPW contends that it is authorized to charge interest from the date the judgment was entered pursuant to 42 Pa. C.S.A. §8101, which is contained in the Judiciary and Judiciary Procedures Act,[4] and provides:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of judgment, if the judgment is not entered upon a verdict or award.

Despite the long existence of Section 8101 and its predecessor,[5] the issue of whether interest is collectible from the date a *confessed* judgment is entered, notwithstanding the occurrence of any default, apparently is one of first impression before our appellate courts. Therefore, in resolving this issue, we must consider the rationale of awarding interest on a judgment and examine the dual nature of a judgment entry in a confessed judgment proceeding.

Our Supreme Court has discussed the basis for awarding interest on judgments in *Carbondale School District v. Fidelity and Deposit Co. of Maryland,* 346 Pa. 491, 492, 31 A.2d 279, 280 (1943):

> The appropriate definition of "interest" upon obligations reduced to judgment through litigation is stated in Kelsey v. Murphy, 30 Pa. 340, 341: "Interest has been defined 'to be a compensation allowed to the creditor for *delay of payment* by the debtor,' and is to be said to be impliedly due 'whenever a liquidated sum of money is *unjustly withheld.'* [Citation omit-

---

[4] Act of July 9, 1976, P.L. 586.

[5] Section 8101 is substantially the same as its predecessor, the Act of 1700, 1 Smith's Laws 7, Sec. 2, 12 P.S. §782, which was repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, effective June 27, 1978,

ted.] And again,—but rather by way of amplification,—it is said 'to be a legal and uniform rate of damages allowed in the absence of any express contract, *when payment is withheld after it has become the duty of the debtor to discharge his debt.'* " (Emphasis added.)

This definition treats the award of a judgment as a concurrent transfer of money from one party in a legal proceeding to another. Any delay in transferring the money is considered an unjust use of another's money and therefore is subject to interest. That rationale, however, cannot be applicable where a judgment has been placed on record by agreement ("confession") for security purposes *before* any default has occurred.

Our Supreme Court noted the dual nature of such a confessed judgment in *Integrity Title Insurance, Trust & Safe Deposit Co. v. Rau,* 153 Pa. 488, 492, 26 A. 220 (1893), emphasizing that we must "distinguish between the present right of the plaintiff to his judgment as security for a debt payable in the future, and the right to execution or satisfaction on a debt presently due." A lender's right to security does not necessarily coincide with his right to execute. In *Durso v. Fiorini,* 98 Pa. Superior Ct. 111, 116 (1929), the court, in an action involving a confessed judgment, relied on the principles expressed in *Integrity Title,* and said:

> Now as the agreement was that the vendee should have security during the period preceding the preparation of the title papers, and as the period has not yet expired, in consequence of the conduct of the parties, as appears by the evidence, the vendee is still entitled to the security; but, because there is no default to mature the debt, he is not entitled to execution. If a vendor is not in default, a vendee cannot recover hand-money (citations omitted).

*See also Shapiro v. Malarkey,* 278 Pa. 78, 122 A. 341 (1923).

In the common practice by the bar, and pursuant to Pa. R.C.P. Nos. 2950-2976, judgment is entered by confession of judgment as a common security device in Pennsylvania, giving the creditor a lien on realty even before default, where an unconditional warrant in the instrument given as security allows the entry of judgment whether money is then payable or not. *See Schuchman, Judgment Notes in Pennsylvania,* (1961) §13.1. Pa. R.C.P. No. 2952, at item (e) recognizes the distinction by referring to the more limited class of warrant, one which permits judgment to be entered only after default. Where judgment has been confessed before default, that is, before payment is due, pursuant to the broad warrant, the judgment entry becomes complete (for the purpose of execution, for example) only after the creditor augments the record with an averment of default, also variously referred to as a "certificate of non-payment" or an "affidavit of default."

Although the act of entering a confessed judgment has been considered to be, in itself, a sufficient demand to cause the indebtedness to be due in the case of a demand note, *Better Bilt Door Co. v. Oates,* 165 Pa. Superior Ct. 465, 69 A.2d 425 (1949), the public assistance reimbursement obligation cannot be regarded as analogous to a demand note in every respect. As here, the recipient signs a reimbursement agreement, confessing judgment as to a stated amount, thus granting a lien for that amount on his property. Once a person no longer requires public assistance, he is afforded an opportunity to open the judgment and remove the lien on his property by paying the amount stated in the reimbursement agreement, which provides:

> This judgment shall be a lien upon my real property, and be collected as other judgments, except as to the real and personal property comprising my home and furnishings, which home shall be subject to the lien of such judgment, but *shall not be subject to execution on such judgment* during my lifetime, or the lifetime of my spouse or dependent children. (Emphasis added.)

Significantly, the agreement grants DPW no power to demand payment and execute on the judgment.

This situation is analogous to one discussed in the recent case, *Fidelity Bank v. Gorson,*     Pa. Superior Ct.     , 442 A.2d 265 (1982). There, Gorson borrowed money from a bank and the bank agreed not to demand any payment of principal from Gorson for a period of one year from the date stated, except upon a default in payment of interest by Gorson during that period. The court said:

> Since there was no execution or threat of execution upon the judgment, the act of confessing the judgment was not a demand under a fair reading of this provision.

*Id.* at 267. Thus the Superior Court distinguished cases where the entry of judgment was held to constitute a sufficient demand to initiate the payment of interest under a note which required a demand before interest became due. *See Dominion Trust Co. v. Hildner,* 243 Pa. 253, 90 A. 69 (1914); *Better Bilt Door Co. v. Oates, supra.*

In the present case, DPW made no demand upon the O'Briens to return the money that was received as public assistance. Furthermore, DPW expressly agreed that it would not execute its lien on the O'Briens' property. Thus, the judgment entered against the O'Briens did not initiate a period in which the O'Briens held money immediately due DPW.

Therefore, in construing our Supreme Court's definition of interest on a judgment and in considering the bifurcated nature of a confessed judgment, we must conclude that Section 8101 cannot be read as allowing interest from the date a confessed judgment was entered where no default had occurred.

Accordingly, the order of the court of common pleas is reversed.

### ORDER

Now, July 2, 1982, the order of the Court of Common Pleas of Butler County dated August 28, 1981 is hereby reversed, and this case is remanded for disposition of the Commonwealth's judgment at C.P. No. 74-537, Bk. 172, pg. 25, revived at C.P. No. 79-092, Bk. 178, pg. 322.